"Wachtler, J.
Both of these appeals challenge the constitutionality of CPL 390.50 which permits a sentencing court in its discretion, to withhold disclosure of presentence investigative reports.
In connection with the burglary of a Manhasset delicatessen, defendant Perry was charged with burglary in the. third degree, petit larceny and possession of burglar tools. He subsequently *118 pleaded guilty to criminal trespass in the second degree. At sentencing, defense counsel formally requested an opportunity to examine the probation report. After this request was denied, the defendant’s attorney presented a plea for leniency in which the defendant’s employment record, prior criminal involvement and minimal participation in the instant criminal event were cast in a mitigatory light. The defendant as welt as his mother addressed the court requesting that the defendant receive treatment rather than punishment. The court alluding to factors presented in the ‘ ‘ fairly comprehensive and complete probation report” recognized the paramount need for treatment and sentenced the defendant to the Elmira reformatory as a youthful offender.
In the other appeal, the defendant Ortiz was charged with attempted kidnapping in the second degree and unlawful possession of a weapon as a felony in connection with the attempted abduction at knifepoint of one Delia Boltz. On the eve of trial the defendant pleaded guilty to attempted coercion in the first degree in full satisfaction of the indictment and the matter was adjourned pending the completion of a probation report. Although the record is unclear it appears that sometime before sentencing a conference was conducted at which the court expressed deep concern to defense counsel regarding information with respect to an earlier criminal incident in which the defendant was alleged to have threatened -someone by pointing a loaded weapon at that person. This violent and aggressive behavior was vigorously denied by the defendant.
At sentencing, the defendant’s attorney requested permission to review the presentence investigative report. This request was denied and defense counsel proceeded to entreat the court for leniency. Noting that the defendant was a steadily employed family man who was actively involved in community affairs, the defendant’s attorney attempted to dispel any misconceptions with respect to the defendant’s present and prior criminal entanglements. The defendant also addressed the court at this time and professed his lack of intent to commit.the crimes to which he had just pleaded. The court stated that it had spent a great deal of time considering the overall picture in connection with this matter and felt obligated to -sentence the defendant to an indeterminate term of not more than three years.
*119 Both appellants contend that the refusal to disclose the presentencing report violated their rights to due process, confrontation and effective counsel. Alternatively, they argue that the refusal to disclose constituted an abuse of discretion.
That the sentencing process is a crucial stage of the criminal process which rises to constitutional dimension is beyond dispute (Mempa v. Rhay, 389 U. S. 128; Matter of Briguglio % New York State Bd. of Parole, 24 N Y 2d 21). Indeed, in light of the overwhelming percentage of dispositions via plea negotiation, guilt or innocence may not be deemed by some defendants to be of prime concern. In practical terms, sentencing assumes monumental significance because it determines the price society will exact for the particular transgressions involved (see, generally, Lehrich, Use and Disclosure of Presentence Reports in the United States, 47 F. R. D. 225). Never-theless, neither the Supreme Court nor this court has ever held, nor do we now believe, that the full panoply of constitutional rights should be applied to the sentencing process (Williams v. New York, 337 U. S. 241, affg. 298 N. Y. 803).
Whether sentencing is conducted in a fundamentally fair manner in accordance with the constitutional limitations does not depend on the disclosure of the presentence report. There is nothing talismanic about the report itself. The key is whether the defendant has been afforded an opportunity to refute those aggravating factors which may have negatively influenced the court.
In People v. Michael O. (22 N Y 2d 831) we reiterated the principle stated in People v. Peace (18 N Y 2d 230) that disclosure of presentencing reports is a matter within the discretion of the sentencing court. Noting the trend favoring disclosure* we suggested that the Legislature address this problem (22 N Y 2d, at p. 832). When the Criminal Procedure Law was *120 subsequently enacted, this discretionary power was retained (CPL art. 390; see, also, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 11A, CPL 390.50). It is noted, however, that the new statute significantly increases the defendant’s ability to participate meaningfully in the sentencing process.
In addition to the long-recognized right of allocution (CPL 380.50; see People v. McClain, 35 N Y 2d 483) the Criminal Procedure Law permits the defendant to submit a presentence memorandum setting forth any information which he considers mitigatory or explanatory (CPL 390.40) and authorizes the court to conduct one or several presentence conferences to resolve any discrepancies that may have come to its attention and to assist the court in passing sentence (CPL 400.10). We believe that these procedures allow the sentencing court to weigh meaningfully and expeditiously those considerations pertinent to sentencing.
As noted in Peaoe (18 N Y 2d, at p. 236, supra) presentence reports are not compiled in an adversarial context. Their main function is to provide the court with the best available information upon which to render an individualized sentence. Clearly, the sentencing court is competent to analyze any information which lacks the technical reliability required for admissibility at trial. Therefore we see no reason to stultify the sentencing process by mandating disclosure. We conclude that as long as the defendant is afforded an opportunity to present whatever he feels is relevant and the court has the ability to reconcile any disparities, the above-mentioned procedures are constitutionally valid.
While fundamental fairness and indeed the appearance of fairness, may best be accomplished by disclosure of presentence reports, certain material which is confidential, destructive of rehabilitation, or inconsequential may properly be withheld. Aside from such material, it is expected that sentencing courts will make increasing use of their discretion to disclose presentencing reports.
Moreover, we recognize that in certain instances, denial of disclosure might constitute an abuse of discretion. This is particularly true where no legitimate public interest is advanced by nondisclosure. However, where the record reveals that the *121 court and the defendant have utilized the procedures delineated in the Criminal Procedure Law and there is nothing to contradict the court’s stated reasons for sentencing it cannot be said that discretion has been abused as a matter of law.
We would note in passing that in light of its 'broad scope of review, the Appellate Division is better suited to consider the propriety of nondisclosure. Although our court may only consider whether discretion was abused as a matter of law (CPL 470.35, 470.40) the Appellate Division, which would and should have the presentence report before it, may evaluate a denial both on the law and the facts, and in its power to review sentences (CPL 450.30, 470.15).
Here, despite the fact that neither defendant availed himself of the opportunity to submit his own presentence memorandum, both sentencing courts articulated the factors relied on in making their sentencing determinations and both permitted extensive discussion by defense counsel, the defendants and other interested parties in rebuttal. Neither of these records indicate a uniform policy of nondisclosure or a reliance on erroneous or unsubstantiated information by the court. Consequently, the defendants have failed to establish an abuse of discretion as a matter of law reviewable by this court and the orders should be affirmed.
In People v. Perry: Order affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
In Peoples v. Ortiz: Order affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Fuchsberg concur; Judge Cooke taking no part.

 (See, e.g., Fed. Rules Crim. Pro., rule 32, subd. [e], par. [3] ; State v. Kunz, 55 N. J. 128; Report on Corrections, Standard 5.16 [1973]; American Bar Association Standards Relating to Sentencing Alternatives and Procedures [Tent. Draft, Amer. Bar Assn. Project on Minimum Standards for Criminal Justice], § 4.4, subd. [b], pp. 214-224 and materials cited; President’s Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society, p. 145, and Task Force Report: The Courts, p. 20; Model Penal Code, § 7.07, subd. [5].)