Rose L. Rubin, J.
An interesting and novel question is presented in defendant’s sworn letter to the court as to whether or not a defendant is entitled to a copy of his *451 probation report subsequent to the imposition of sentence. The court deems the letter a pro se motion for a copy of defendant’s probation report and for a copy of his "rap sheet.” The court arranged to serve the People with a copy of defendant’s letter. In their answering affirmation, the People consent to the relief sought.
On February 17, 1977, the defendant pleaded guilty to criminal sale of a controlled substance in the third degree. On that day, the court, having before it a prepleading investigation report prepared by the Probation Department, sentenced defendant to an indeterminate term of imprisonment, the minimum of which was one year and the maximum of which was life imprisonment. Prior to the imposition of sentence, defendant’s counsel was given the complete written probation report with ample opportunity to study it and to comment upon it during the sentencing allocution.
The court proceeded in compliance with the applicable statute, effective September 1, 1975, CPL 390.50 which reads, in pertinent part, as follows: "2. Presentence report; disclosure; general principles. The presentence report or memorandum shall be made available by the court for examination by the defendant’s attorney, or the defendant himself, if he has no attorney, in which event the prosecutor shall also be permitted to examine the report or memoranda. In its discretion, the court may except from disclosure a part or parts of the report or memoranda which are not relevant to a proper sentence, or a diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which have been obtained on a promise of confidentiality, or any other portion thereof, disclosure of which would not be in the interest of justice. In all cases where a part or parts of the report or memoranda are not disclosed, the court shall state for the record that a part or parts of the report or memoranda have been excepted and the reasons for its action. The action of the court excepting information from disclosure shall be subject to appellate review.”
Subdivision 2 was added by the 1975 amendment to this section. It represents a rethinking of, and a departure from, its predecessor statute (former subd 1) which declared the confidentiality of presentence reports or memoranda and prohibited disclosure thereof "to any person or public or private agency except where specifically required or permitted by statute or upon specific authorization of the court.” It is clear *452 that the purpose of this statute in requiring a copy of the presentence report to be provided to defense counsel, or to the defendant himself if he has no attorney, is to afford defendant and counsel an opportunity to refute those aggravating factors in the presentence report which may negatively influence the court in imposing sentence. In this case, the statutory objective was fully satisfied.
In tracing the history of the problem area to which this statutory codification addresses itself, the Court of Appeals, in People v Perry (36 NY2d 114, 119), pointed out that "There is nothing talismanic about the report itself.” The issue, rather, is whether sentencing is conducted in a fundamentally fair manner. Disclosure of the probation report, as was here done, is an essential ingredient of fair sentencing. To extend the statutory mandate to include the delivery of a copy of the presentence report subsequent to the imposition of sentence, to the subject thereof may, under a variety of circumstances which this court can envision and for a variety of psychological reasons which come readily to mind, be counterproductive. Accordingly, defendant’s pro se motion for a copy of the presentence report is denied.
Defendant’s motion for a record of his previous criminal arrests and convictions is granted upon consent of the People. The People are directed to mail a copy of defendant’s previous criminal record to the defendant at his place of incarceration within 10 days after a copy of this memorandum is served.