■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. WAGNER, Appellant. — Harvey, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 9, 1983, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant was indicted for burglary in the second degree and attempted rape in the first degree. The charges arose out of defendant's breaking into a neighbor's home to have sexual intercourse with a girl he had known for most of his life. Defendant and the victim skirmished; defendant forcibly removed the victim's underwear and got on top of her. Defendant entered a negotiated plea to attempted burglary in the second degree in full satisfaction of the indictment. At the time of the

plea, defendant acknowledged committing acts which constituted the indicted crimes and also that he was liable upon his plea to a maximum of seven years' imprisonment.

At the time of sentencing, County Court adjourned the proceeding, *sua sponte,* because of inconsistencies in the presentence report. In the report, defendant alleged prior sexual relations with the victim. The victim denied any prior relationship. The court told defense counsel that the adjournment was for the purpose of permitting the court to speak with the victim and her father. Defendant and his counsel failed to object. At the sentencing on December 9, 1983, defense counsel addressed the court but never objected to the court's examination of the victim. County Court informed the parties that it had talked to the victim and her father, and had concluded that there was no prior sexual relationship.

Defendant was sentenced to 2 to 7 years in prison. The sentence imposed was clearly within the limits that the court told defendant at the time of the plea that he could expect. Both defendant and his counsel were informed that the court intended to speak with the victim and her father, and they did not request any opportunity to be present or object to such an interview. Defendant, having been informed of such interview, waived his opportunity to refute the victim's claim of no prior sexual contact by his failure to request that he be present. Defendant's due process rights were not violated by the procedure (*see, People v Perry,* 36 NY2d 114).

In the circumstances, the sentence was neither harsh nor excessive. Accordingly, the judgment should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey and Harvey, JJ., concur; Mikoll, J., concurs in part and dissents in part and votes to modify in the following memorandum.

Mikoll, J. (concurring in part and dissenting in part). In the interest of justice, the judgment below should be modified by vacating the sentence imposed and remitting the matter to County Court for resentencing.

A defendant is entitled to an opportunity to refute factors which may have a negative influence on the trial court's sentencing decision (*People v Perry,* 36 NY2d 114). Sentencing is a crucial stage of the criminal process which rises to constitutional dimension (*Matter of Briguglio v New York State Bd. of Parole,* 24 NY2d 21). What must be considered in each case is whether fairness was accorded to the defendant. The trial court in the instant matter held an in camera conference with the victim and her father to resolve a contention raised by defendant and denied by the victim that he had previously engaged in

sexual relations with her. This was done without prior notification to defense counsel or defendant. Giving the victim the exclusive opportunity to present her statement to the trial court in person fails to accord with the precepts of fairness. In such instance, a hearing with defendant or his counsel present would enable the court to effectively resolve the issue of credibility on a fact having considerable impact on sentencing considerations. The procedure here utilized is in violation of CPL 400.10 (2).