OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
Appellant, who has been adjudicated a juvenile delinquent, complains that his attorney was not permitted to be present at the diagnostic mental study conducted subsequent to the fact-finding hearing and prior to the dispositional hearing (Family Ct Act § 351.1 [1]). The Appellate Division unanimously affirmed without opinion and he appeals, purportedly as of right, contending that he had a constitutional right to counsel’s presence and that the failure to administer Miranda warnings at the court-ordered examination violated his 5th Amendment right against self-incrimination. We affirm.
When a diagnostic study is conducted, the juvenile has already been found to have committed an act which, if committed by an adult, would constitute a crime. The juvenile thus stands in a very different position from the petitioner in Matter of Lee v County Ct. (27 NY2d 432, 444, cert denied 404 US 823), which held that a pretrial sanity examination was a "critical stage” of the prosecution at which a criminal defendant had a 6th Amendment right to the presence of counsel. More analogous is the sentencing stage of an adult criminal proceeding (see, Matter of Nathan N., 56 AD2d 554), at which the "full panoply of constitutional rights” do not apply (People v Perry, 36 NY2d 114, 119; *640 Matter of Steven E. H., 124 Misc 2d 385). The governing constitutional standard in adult pre-sentence proceedings is fundamental fairness which is satisfied when "the defendant has been afforded an opportunity to refute those aggravating factors which may have negatively influenced the court” (People v Perry, supra, p 119). The same standard should apply in juvenile proceedings (cf. McKeiver v Pennsylvania, 403 US 528, 543; In re Gault, 387 US 1, 30; People v Ronald W., 24 NY2d 732).
In our view, pre-hearing disclosure of the mental health examiner’s report (Family Ct Act § 351.1 [4]), coupled with the right to cross-examine and submit a counter psychiatric study or other evidence (Family Ct Act § 350.4 [4]) amply satisfies the constitutional requisite (Matter of Steven E. H., supra; cf. Schall v Martin, 467 US 253; Tippett v State of Maryland, 436 F2d 1153, 1158, cert dismissed sub nom. Murel v Baltimore City Criminal Ct., 407 US 355).
Insofar as appellant relies upon Estelle v Smith (451 US 454), a decision involving a capital sentencing examination, to support his thesis that receipt of testimony concerning the mental health examination violated his 5th Amendment right against self-incrimination because he did not receive Miranda-type warnings prior to the examination, we note that Estelle has been limited to its unique facts and has been distinguished in subsequent noncapital cases (e.g., Baumann v United States, 692 F2d 565; Matter of Steven E. H., supra). In fact, the Supreme Court expressly observed that "we do not hold that the same Fifth Amendment concerns are necessarily presented by all types of interviews and examinations that might be ordered or relied upon to inform a sentencing determination” (Estelle v Smith, supra, p 469, n 13). Appellant was not entitled to Miranda admonitions (cf. People v Ronald W., 24 NY2d 732, supra).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Order affirmed, without costs, in a memorandum.