OPINION OF THE COURT
Norman George, J.
Under Kings County indictment No. 8074/89, the defendant *830 was charged with the crime of criminal possession of a controlled substance in the fifth degree. On February 1, 1990, she pleaded guilty to the crime of criminal possession of a controlled substance in the seventh degree in full satisfaction of the indictment and the matter was adjourned for sentencing. The defendant’s attorney then made an oral application in which he requested to be present at the defendant’s presentence interview with the Department of Probation. Since the Assistant District Attorney stated that he had no objection to the defendant’s request, the court agreed to approve it. At that time, however, the court was entirely unaware of the existence of the Executive Policies and Procedures of the New York City Department of Probation which establish and limit the conditions under which the presence of counsel at a defendant’s presentence interview may be sanctioned. Thereafter, the court was informed by the Department of Probation that the Department would object to the presence of defendant’s attorney at the interview and the court was provided with a copy of the relevant Executive Policy and Procedure (No. 20-2-83).
After reviewing this policy, the court decided to hold its prior approval in abeyance and requested that the defendant submit her request in writing and on notice to the Department of Probation in accordance with the procedures set forth in Executive Policy and Procedure No. 20-2-83. Defendant complied with this request by serving and filing the instant motion on February 20, 1990, and the Department of Probation served and filed opposition papers on February 23, 1990. The parties orally argued their positions before the court on March 7, 1990, at the conclusion of which this court denied the defendant’s motion in its entirety. As indicated at that time, a written memorandum decision is now being rendered on the motion.
The motion made by the defendant is twofold. Initially, the defendant asks this court to declare Executive Policy and Procedure No. 20-2-83 unconstitutional and to permit her to have her attorney present at the presentence interview. Alternatively, the defendant requests an order permitting her attorney to be present at her presentence interview based upon the existence of exceptional circumstances. The Department of Probation strongly opposes the relief requested by the defendant and asks this court to deny the defendant’s motion in all respects. The Department further asserts that, although the Assistant District Attorney previously indicated that he *831 had no objection to the presence of defense counsel at the presentence interview, the District Attorney essentially has no standing on the issue since his office is not charged with the responsibility of overseeing presentence investigations.
Preliminarily, this court notes that the responsibility for overseeing presentence investigations is cleaily thrust upon the Department of Probation by virtue of both the New York State Constitution and the State Legislature. Section 5 of article XVII of the NY Constitution expressly empowers the Legislature to "provide for * * * systems of probation and parole of persons convicted of crime”, and the Legislature has so provided for such a system by enacting articles 12 and 12-A of the Executive Law. Section 240 of article 12 of the Executive Law creates the New York State Division of Probation and section 243 (1) of that article provides that the head of that division, the State Director of Probation, "shall adopt general rules which shall regulate methods and procedure in the administration of probation services, including investigation of defendants prior to sentence * * * so as to secure * * * the most efficient enforcement of the probation laws throughout the state. * * * Such rules shall be binding upon all probation officers and when duly adopted shall have the force and effect of law, but shall not supersede rules that may be adopted pursuant to the family court act.”
Article 12-A of the Executive Law creates the New York City Department of Probation and authorizes it to have charge of "all probation work in the supreme, family and criminal courts in the counties of Bronx, Kings, New York, Queens and Richmond” (§255 [1]). Section 255 (2) of that article provides that the head of such Department, the city Director of Probation, "shall have charge of the administration of the department and shall be responsible for carrying out the functions of the department including intake, investigation, supervision * * * in cases coming to the courts referred to in this section.” And, section 255 (3) provides that the director "shall discharge his powers and responsibilities in accordance with all laws and rules applicable to probation and with the general rules regulating methods and procedure in the administration of probation as adopted from time to time pursuant to section two hundred forty-three of this chapter. He may adopt departmental rules, not inconsistent with law or the aforesaid general rules, to regulate the policies, programs, standards, and methods of procedure in relation to *832 probation and the powers and duties of officers and employees as in his judgment he deems proper.”
Thus, on the basis of the aforementioned authority, there can be no doubt that the New York City Department of Probation is exclusively vested with the power to carry on probationary functions in this county to the extent that those duties are carried on in accordance with the laws and rules promulgated by the New York State Division of Probation. Moreover, it is clear that the New York City Director of Probation is authorized to adopt whatever departmental rules he deems proper so long as such rules do not conflict with any of the laws and rules enacted by the State Division of Probation, and when such rules are properly adopted, they have the force and effect of law.
At issue in the case at bar is New York City Department of Probation Executive Policy and Procedure No. 20-2-83, which states that "[generally the policy of the Probation Department is not to permit defense counsel to attend pre-sentence investigation interviews between probation officers and defendants”. The stated rationales underlying this policy are that (1) the presence of defense counsel would tend to stultify the presentence investigation interview and inhibit the ability of the probation officer to establish the type of confidential relationship required to conduct the investigation; (2) the confidentiality of the presentence report could be compromised by permitting the defendant’s attorney to be present during the interview and possibly have premature access to significant information before it is made available to the sentencing Judge; (3) permitting defense counsel to be present during interviews would tend to delay the delivery of timely presentence reports since interviews would depend upon the uncertain availability and schedules of counsel.
The initial argument set forth by the defendant with respect to this departmental policy is that said policy is unconstitutional because it violates her right to counsel. This court does not agree.
The United States Supreme Court has held that a criminal defendant in a felony case has an absolute right to legal representation at every stage of a criminal proceeding where "substantial rights” of the accused may be affected (see, Gideon v Wainwright, 372 US 335 [1963]). Indeed, the court has held that "[i]t is central to [this Sixth Amendment] principle that, in addition to counsel’s presence at trial, the accused is *833 guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel’s absence might derogate from the accused’s right to a fair trial” (United States v Wade, 388 US 218, 226).
The sentencing stage itself has been found by the Supreme Court to be a critical stage of a criminal proceeding at which the right to counsel necessarily applies (see, Mempa v Rhay, 389 US 128, 134; Townsend v Burke, 334 US 736) and our own State Court of Appeals has adopted that same position (see, People v Perry, 36 NY2d 114, 119; Matter of Briguglio v New York State Bd. of Parole, 24 NY2d 21, 25). However, "neither the Supreme Court nor [the New York Court of Appeals] has ever held * * * that the full panoply of constitutional rights should be applied to the sentencing process” (emphasis added; People v Perry, supra, at 119, citing Williams v New York, 337 US 241, affg 298 NY 803).
In Baumann v United States (692 F2d 565 [9th Cir 1982]), a Federal Court of Appeals case addressing the issue of defense counsel’s presence at presentence interviews, the Ninth Circuit held that "a routine presentence interview of an individual convicted of a noncapital federal offense is not * * * a critical stage of the proceeding in which counsel’s presence, or advice, is necessary to protect the defendant’s right to a fair trial” (supra, at 578). While this issue has not been specifically addressed by the United States Supreme Court, the high court has observed, in another context, that "[probation workers making reports of their investigations have not been trained to prosecute but to aid offenders” (Williams v New York, 337 US 241, 249, supra). Commenting on this language, our own State Court of Appeals has noted, in People v Peace (18 NY2d 230, 236), that "a probation report is not prepared by an adversary.” In People v Perry (supra, at 120), the Court of Appeals reiterated its sentiment that "presentence reports are not compiled in an adversarial context. Their main function is to provide the court with the best available information upon which to render an individualized sentence.”
This court agrees that the presentence Probation Department interview is not an adversarial proceeding. Rather, it is an impartial mechanism for gathering information to assist the court in carrying out the sentencing phase of a criminal case. The manner in which the interview is conducted provides a neutral atmosphere and facilitates the elicitation of candid, honest responses from a defendant. Such an atmo *834 sphere would undoubtedly be chilled by the presence of a defendant’s attorney, and any participation by an attorney in the interview process could only serve to hamper the defendant’s ability and desire to speak with complete candor and honesty. The potential for a defense attorney to dominate the interview and thereby minimize his client’s participation is rather great and could only have a negative effect on the overall process of information gathering. Both the quantity and quality of information available to the sentencing court would thus be lessened to the ultimate detriment of both the defendant and society-at-large.
In Matter of Jose D. (66 NY2d 638), the Court of Appeals rejected the argument of a juvenile delinquent that his constitutional right to counsel was violated when his attorney was not permitted to be present at a diagnostic mental study conducted subsequent to a fact-finding hearing and prior to a dispositional hearing. In so doing, the court held (supra, at 639-640) that: "When a diagnostic study is conducted, the juvenile has already been found to have committed an act which, if committed by an adult, would constitute a crime. The juvenile thus stands in a very different position from the petitioner in Matter of Lee v County Ct. (27 NY2d 432, 444, cert denied 404 US 823), which held that a pretrial sanity examination was a 'critical stage’ of the prosecution at which a criminal defendant had a 6th Amendment right to the presence of counsel. More analogous is the sentencing stage of an adult criminal proceeding (see, Matter of Nathan N, 56 AD2d 554), at which the 'full panoply of constitutional rights’ do not apply (People v Perry, 36 NY2d 114, 119; Matter of Steven E. H., 124 Misc 2d 385). The governing constitutional standard in adult pre-sentence proceedings is fundamental fairness which is satisfied when 'the defendant has been afforded an opportunity to refute those aggravating factors which may have negatively influenced the court’ (People v Perry, supra, p 119). The same standard should apply in juvenile proceedings (cf. McKeiver v Pennsylvania, 403 US 528, 543; In re Gault, 387 US 1, 30; People v Ronald W., 24 NY2d 732).”
Thus, while not directly ruling on this issue, the Court of Appeals has at least addressed it to the extent of stating that a necessary corollary of its holding in Perry (36 NY2d 114, supra) (i.e., that a defendant does not have a constitutional right to disclosure of a presentence probation report) is that a defendant does not have a constitutional right to counsel at a *835 presentence investigatory interview. And, in Matter of Jose D. (supra), the court held that a juvenile does not have a right to counsel at a diagnostic mental health exam.
Essentially, what comes out of the Court of Appeals cases is that whether sentencing is conducted in a fundamentally fair manner in accordance with constitutional limitations does not depend on the manner in which the Probation Department conducts its presentence duties or any other aspects of the presentence procedure for that matter. As long as the defendant is afforded an opportunity to refute any aggravating factors which may have negatively influenced the court and to present whatever he feels is relevant, then fundamental fairness in the sentencing process is met.
In New York State, fundamental fairness in the sentencing process is specifically met by virtue of the statutory scheme set forth in CPL articles 380, 390 and 400. These provisions, inter alia, (1) allow a defendant to file with the court a written presentence memorandum setting forth any information he may deem pertinent, including information with respect to any of the matters covered in the probation report (CPL 390.40 [1]); (2) authorize the court to "hold one or more presentence conferences * * * in order to * * * resolve any discrepancies between the pre-sentence report * * * and the defendant’s * * * pre-sentence memorandum” (CPL 400.10 [1]); and, (3) accord the defendant and his counsel an opportunity to orally address the court at the time of pronouncement of sentence (CPL 380.50). As the Court of Appeals noted in Perry (supra, at 120), "these procedures allow the sentencing court to weigh meaningfully and expeditiously those considerations pertinent to sentencing.”
In sum, this court finds no basis for declaring the Department of Probation Executive Policy and Procedure No. 20-2-83 unconstitutional.
With respect to the second prong of defendant’s motion, the court finds that the defendant has failed to establish the existence of exceptional circumstances as to warrant her counsel’s presence at the presentence interview.
The Executive Policy and Procedure at issue in this case does recognize that "under certain extraordinary circumstances a defendant’s attorney may believe that his presence at the interview [is] obligatory” and that "[i]n such instances * * * the defense counsel * * * must make written application to the Court with notice to the Department stating the *836 reasons why the scheduled pre-sentence interview [is] exceptional and should be delayed to permit his presence.” The policy goes on to state that "[t]he Court may then decide on a case by case basis when and under what circumstances an attorney may attend the pre-sentence interview.”
The circumstances that the defendant in this case asserts to be exceptional are several. First, the defendant claims that because she is a 20-year-old, non-English speaking woman with a third-grade education and little understanding of the legal system, she needs the assistance of counsel at her interview. Secondly, the defendant argues that she needs her counsel to be present because she is under a great deal of emotional strain and pain stemming from this incident. Thirdly, the defendant states that she needs the assistance of counsel in order to satisfactorily assert her spousal privilege with respect to any questions which may be asked regarding the charges as they relate to her husband (who was arrested at the same time as she and against whom charges are still pending). And finally, the defendant argues that the Assistant District Attorney’s consent to her attorney’s being present at the presentence interview provides an additional exceptional circumstance.
The court has reviewed these circumstances and concludes that none are either so unique or exceptional as to warrant deviation from the Department’s customary and routine interview procedures. The facts that the defendant has a low-level education, is unfamiliar with the intricacies of our legal system, is emotionally upset by the case, and does not speak English, certainly do not present any particular unique need for legal counsel at the presentence interview. The Department of Probation is well equipped to address such individual needs of a defendant. As noted by the assistant general counsel to the Department, the case will be assigned to a bilingual probation officer who will of course be aware of the defendant’s educational level and unfamiliarity with the system. Additionally, the probation officer will undoubtedly be sensitive to the defendant’s state of mind. The Department of Probation conducts thousands of presentence interviews, many of which involve young adults and juveniles, and certainly the Department’s employees are well prepared to deal with first offenders and emotionally upset clients.
As to the defendant’s claim that she needs her attorney to facilitate her assertion of the spousal privilege, the court notes that anything said by the defendant in the course of her *837 presentence interview is strictly confidential and cannot be used as evidence at some future date against her husband. The contents of the probation report are for the exclusive use of this court in sentencing the defendant and therefore there is no critical issue concerning the spousal privilege. Moreover, as stated by the assistant general counsel, the interviewing probation officer will, as a matter of course, inform the defendant that she may decline to answer any questions that she does not wish to talk about. Thus, the defendant may simply tell the probation officer that she does not wish to discuss her husband.
Lastly, with respect to the defendant’s claim that an exceptional circumstance is presented by virtue of the Assistant District Attorney’s consent to her attorney’s presence at the presentence interview, the court agrees with the Department’s response that the District Attorney’s position on this matter is essentially irrelevant. Since the responsibility for overseeing all aspects of the probation process, both pre- and postsentence, falls exclusively in the hands of the Department of Probation, it is not the Assistant District Attorney’s place to either give or withhold consent on this issue.
In sum, it is the conclusion of this court that the New York City Department of Probation’s Executive Policy and Procedure No. 20-2-83 is constitutionally sound and further that this defendant has failed to establish the existence of extenuating circumstances which would justify making an exception to the Department’s policy. Accordingly, the defendant’s motion is denied in all respects.