OPINION OF THE COURT
Charles A. Kuffner, Jr., J.
On June 15, 1990, the defendant, Kirk Bogart, entered a plea of guilty to the charge of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39).
Subsequently, this court ordered the Department of Probation to prepare a presentence investigation report (CPL 390.20 [1]). The Department of Probation informed the defendant that pursuant to departmental policy, assistance of counsel was prohibited at the presentence interview, absent a court order.
The defendant has declined to be interviewed without his ' attorney present based upon the claim that the Sixth Amendment right to counsel extends to the presentence interview. Defendant moves for an order permitting the defendant’s *328 attorney to sit in on the presentence probation interview. The Probation Department opposes the defendant’s application.
"Under the sixth amendment, the focus of the constitutional protection of right to counsel relates to the adversary character of criminal proceedings and the particular process involved”. (United States v Morrison, 449 US 361, 365 [1981].) The Sixth Amendment right to counsel provides every defendant with the right to have representation during a "critical stage” of the adversarial proceedings. (Holloway v Arkansas, 435 US 475, 489 [1978].)
In determining whether a presentence interview by a probation officer is a critical stage of the criminal proceedings, the court must look at the nature of the probation officer’s role in sentence determination. (United States v Jackson, 886 F2d 838, 844 [7th Cir 1989].) In Jackson (supra, 886 F2d, at 844) the court held that the presentence interview was not a "critical stage” of the proceedings since the probation officer merely serves as a neutral information gatherer for the sentencing Judge and the interview is but one of many aspects of the presentence investigation that the probation officer carries out. Where the presentence interview is "routine”, and restricted to gathering information upon which the District Court, in its discretion may rely when imposing sentence, the court in Brown v Butler (811 F2d 938, 941 [5th Cir 1987]) held that it was not a critical stage of the criminal proceedings. As such, counsel’s presence or advice was not necessary to protect the defendant’s rights. In Butler, the court went on to hold that a probation officer was "an arm of the court charged with assisting the court in arriving at a fair sentence” (supra, 811 F2d, at 941).
In United States v White (875 F2d 427, 434 [4th Cir 1989]) the court held that the Judge was not bound by characterizations made by a probation officer in applying the sentencing guidelines. It remained the sentencing Judge’s role to determine the facts before imposing an appropriate sentence. Thus, the probation officer was removed from being part of the constitutionally protected "critical stage” of the proceedings.
In People v Griffith (43 AD2d 20 [1st Dept 1973]) the court held that the purpose of the presentence report was to aid the sentencing court in individualizing punishment. It went on to hold that the extent of the presentence report’s use was discretionary.
Furthermore, in People v Wright (104 Misc 2d 911 [1980]) *329 the court held that the Judge is not limited to consideration of material contained in the probation report and that the court is free to take its own observations into account.
Since the nature of the probation officer’s role in sentence determination is not "final”, the presentence interview does not constitute a "critical stage” of the criminal proceedings. Therefore, the Sixth Amendment right to counsel does not extend to the presentence interview.
The court in People v Perry (36 NY2d 114, 119 [1975]) laid down the constitutional standard as "neither the Supreme Court nor this court has ever held, nor do we now believe, that the full panoply of constitutional rights should be applied to the sentencing process” (citing Williams v New York, 337 US 241, affg 298 NY 803). In Perry (supra, at 119), the court held that "[t]here is nothing talismanic about the [presentence] report itself’. The issue, rather, is whether sentencing is conducted in a fundamentally fair manner. The key is "whether the defendant has been afforded an opportunity to refute those aggravating factors which may have negatively influenced the court” (supra, 36 NY2d, at 119).
CPL 390.40 (1) provides the defendant with the opportunity to refute any statements and/or recommendations made by the Department of Probation that may have a negative impact on the court. CPL 390.40 (1) states: "the defendant * * * may, at any time prior to the pronouncement of sentence, file with the court a written memorandum setting forth any information he may deem pertinent to the question of sentence”. Where there is factual dispute about statements in the presentence report, relied upon by the court, the defendant should be offered an opportunity to submit his own presentence memorandum. (People v Ranieri, 43 AD2d 1012 [4th Dept 1974].)
In addition, CPL 390.50 (2) (a) provides that "[n]ot less than one court day prior to sentencing, unless such time requirement is waived by the parties, the presentence report or memorandum shall be made available by the court for examination and for copying by the defendant’s attorney, the defendant himself, if he has no attorney, and the prosecutor”. As the court in People v Ferrara (91 Misc 2d 450, 452 [Sup Ct, Queens County 1977]) held, disclosure of the probation report is another "essential ingredient of fair sentencing”, that is needed to afford the defendant and counsel an opportunity to refute any aggravating factors in the presentence report.
There is no constitutional mandate to permit assistance of *330 counsel at the presentence interview, and the law provides the defendant with "fundamentally fair” avenues to refute any factors that might negatively impact the court’s decision.
The court acknowledges the assistance of Ralph A. Daiuto, Jr., a law student intern from Fordham University, School of Law, in the preparation of this memorandum.
Accordingly, the defendant’s motion is denied.