OPINION OF THE COURT
Denis J. Boyle, J.
On November 20, 1992, defendant Tony Lazzarino, pro se, was convicted, after a nonjury trial before me, of one count of attempted assault in the third degree. On that date, the case was adjourned to December 18, 1992, for a presentence report, *628 incident to which this court directed that defendant be given a psychiatric evaluation.
In the interim, defendant retained counsel and that attorney was present with defendant when defendant was initially interviewed for purposes of his psychiatric evaluation.*
On the December 18 adjourn date, all parties convened before the court for sentence. The case was, however, adjourned, in part so that defense counsel could obtain certain documentation concerning the defendant and also because the psychiatric report prepared for the court had recommended that defendant be given additional tests relative to the preparation of psychiatric conclusions. Prior to adjourning, defense counsel asked the court, in substance, if the court would direct the psychiatric clinic to allow counsel’s presence at further examinations of the defendant. Pursuant to counsel’s request, this court provided that counsel be permitted to be present at such tests.
Thereafter, these tests were scheduled for January 5, 1993. On that date, counsel appeared with defendant at the psychiatric clinic but he was denied access to the tests by representatives of the clinic. Instead, Dr. Owens, a psychiatrist from the Forensic Psychiatry Clinic at which offices the additional tests were to be conducted, made an oral representation to this court in which he objected to the presence of defense counsel at the remaining tests. His objection to counsel’s presence was premised on the contention that "[t]he tests are highly standardized, they are not like a psychiatric interview which is more like a conversation, which can go in any direction and has no particular set structure. The validity of psychological testing depends on it being done routinely in the same fashion every time and it’s a general accepted principle that this type of psychological testing is not done with important outside people in the room where the spontaneity of the person being tested and their reactions might very well be effected by the presence of the person in the room. In other words, since the test depends on the immediate emotional or intellectual reactions of the person being examined, you don’t want the person to be continually thinking * * * about the presence of the attorney or relative or any other person that might be sitting there observing and thinking, what does that *629 person want me to think or how do they think I should react. In other words, since the test depends very much on a spontaneous reaction, the conditions which made it valid are that the person not be in a state of, sort of, divided attention where they are half paying attention to the question and half paying attention to what this other person might want me to say or not want me to say * * * whether the person is out of sight or not doesn’t alter the fact that the person being examined is quite aware of their presence, that they are listening and monitoring every reaction, every answer that is being given.”
Defendant contends in response, that he has an absolute right to be represented at such an examination, be it by psychiatrist or psychologist. He rests this contention on a variety of arguments, citing first, the provisions of CPL 250.10 (3). CPL 250.10 concerns procedures to be employed, pretrial, when defendant has served notice that he intends to introduce "psychiatric evidence” at trial in support of a defense of lack of criminal responsibility by reason of mental disease or defect, extreme emotional disturbance or in connection with "any other defense.” The statute provides that "[w]hen a defendant * * * serves notice of intent to present psychiatric evidence, the district attorney may apply to the court, upon notice to the defendant, for an order directing that the defendant submit to an examination by a psychiatrist or licensed psychologist * * * Defendant has a right to have his counsel present at such examination. The district attorney may also be present. The role of each counsel at such examination is that of an observer, and neither counsel shall be permitted to take an active role at the examination.” (CPL 250.10 [3].)
In further support of his position, defendant contends that psychological testing incident to presentence investigation may impact on him by triggering issues regarding his competency under CPL article 730, or in this case, as to defendant’s ability to have issued a knowing and voluntary waiver of his right to counsel when determining to proceed pro se. It follows, he maintains, that he has a right to have an attorney present at the psychological exam itself.
Analysis of defendant’s right to counsel for purposes of a presentence psychological exam must begin with the statutory authority cited by defendant. While the defense recognizes that the provisions of CPL 250.10 apply to pretrial proceedings, it contends that the concerns of due process and right to counsel, as reflected in CPL 250.10 (3) also apply in the *630 context of a postverdict, but presentence psychiatric examination.
In this regard, it should be noted that the statutory provisions of CPL 250.10 (3) themselves derive from Matter of Lee v County Ct. (27 NY2d 432). In that case, the New York Court of Appeals recognized that, "[i]n United States v. Wade (388 U. S. 218), the Supreme Court held that the Sixth Amendment to the Federal Constitution mandates the presence of counsel at critical stages of the prosecution to preserve the right to a fair trial. A 'critical stage’ was defined as 'any stage of the prosecution, formal or informal, in court or out, where’ 'the presence of his counsel is necessary to preserve the defendant’s basic right to a fair trial as affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself (Wade, supra, at pp. 226-227). Since pretrial psychiatric examinations are a critical stage in the prosecution of one accused of a crime under the Wade rationale, the defendant is entitled to have counsel present to make more effective his basic right of cross-examination.” (Lee v County Ct., supra, at 444, cert denied 404 US 823; People v Cerami, 33 NY2d 243.)
Similarly, the terms of CPL 730.10, governing competency hearings in criminal cases, have been construed to require the presence of counsel "for the purpose of making more effective the basic right of cross-examination of the expert witness.” (People v Perkins, 166 AD2d 737, 739, lv denied 76 NY2d 1023; but see, People v McNamee, 145 Misc 2d 187.)
Moreover, judicial concerns regarding a defendant’s right to the presence of counsel at a psychiatric exam so as to "make more effective his basic right of cross-examination” have not been limited to proceedings involving culpability, competence, or even to criminal cases. In Matter of Alexander L. (60 NY2d 329), the issue being litigated concerned whether the parental relationship should be terminated because of the mental illness of the mother. The Court of Appeals determined that a mother was entitled to have an attorney present during an examination by a court-appointed psychiatrist. In so holding, the Court noted the "pre-eminent importance of the psychiatrist’s evaluation * * * and * * * the concomitant advantages for trial purposes that would be expected to attend the attorney’s presence during this critical phase of the litigation.” (Supra, at 336; see also, Ughetto v Acrish, 130 AD2d 12, appeal dismissed 70 NY2d 871.)
*631 Reference to the foregoing statutes and case law reveals that, as to each, the interests in issue concerned defendant’s ability to prepare in anticipation of an adversarial proceeding, to formulate a defense and especially, to confront and to effectively cross-examine the witnesses against him — be it at trial or other type of adversarial hearing.
Unlike such situations, the case at bar is in a significantly different posture and does not implicate the same considerations. Under the Sixth Amendment, the focus of the constitutional protection of right to counsel relates to the adversary character of criminal proceedings and the particular process involved. (See, United States v Morrison, 449 US 361.) With respect to sentencing, "neither the Supreme Court nor [the New York Court of Appeals] has ever held * * * that the full panoply of constitutional rights should be applied to the sentencing process (Williams v. New York, 337 U. S. 241, affg. 298 N. Y. 803).” (People v Perry, 36 NY2d 114, 119; see also, CPL 390.40, 400.10.)
In the context of a psychiatric examination pending sentence, the examining psychiatrist is not gathering potential evidence for use against a defendant at trial, nor will anything elicited at such an examination impact on any of the issues at trial. (See, Cape v Francis, 741 F2d 1287; Godfrey v Kemp, 836 F2d 1557.) By contrast, an examining psychiatrist in a circumstance such as this, "is not an adversary, much less a professional one. Nor is he expert in the relevant sense —that is, expert in 'the intricacies of substantive and procedural criminal law.’ (Kirby v. Illinois, 406 U.S. 682, 689).” (United States v Byers, 740 F2d 1104, 1119.) Rather, it is my view that the psychiatrist at this juncture, like a probation officer, is more in the nature of an "arm of the court charged with assisting the court in arriving at a fair sentence.” (Brown v Butler, 811 F2d 938, 941; People v Bogart, 148 Misc 2d 327; see also, Matter of Freddie L., 120 Misc 2d 36; United States v Gonzalez-Mares, 752 F2d 1485, cert denied 473 US 913; Baumann v United States, 692 F2d 565.)
Indeed, even in presentence, "punishment phase” situations involving a potential death penalty, defendants have been denied the right to have an attorney present at the psychiatric examination itself. In Estelle v Smith (451 US 454), the United States Supreme Court found that a defendant had been denied his Sixth Amendment right to counsel where he was not given an opportunity to consult with counsel prior to *632 his participation in a psychiatric examination. However, the United States Supreme Court specifically noted that "[Respondent does not assert, and the Court of Appeals did not find, any constitutional right to have counsel actually present during the examination. In fact, the Court of Appeals recognized that 'an attorney present during the psychiatric interview could contribute little and might seriously disrupt the examination.’ 602 F. 2d, at 708. Cf. Thorton v. Corcoran [citations omitted].” (Supra, at 470, n 14.) The line which has been consistently drawn by the courts, regarding the right to counsel at an examination of this kind is "one between the right to counsel before the interview and the right to counsel during the interview.” (United States v Byers, supra, at 1119, n 16; see also, Satterwhite v Texas, 486 US 249; Gholson v Estelle, 675 F2d 734; Bennett v State, 766 SW2d 227 [Tex], cert denied 492 US 911.)
Accordingly, I find that defendant’s request is supported neither by State statute nor by any right derived from the State or Federal Constitution (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 74; Estelle v Smith, supra). Nor are defendant’s arguments, insofar as they are addressed specifically to the impact of such an examination on his competency or his decision to proceed pro se, persuasive. Neither defendant’s competency nor his decision to proceed pro se are in issue here. If such issues are raised, defendant can address them in the manner prescribed by statute. Further, I agree with the reasoning adopted in numerous State and Federal jurisdictions to the effect that such request should not be granted in the exercise of discretion. "Even if counsel were uncharacteristically to sit silent and interpose no procedural objections or suggestions, one can scarcely imagine a successful psychiatric examination in which the subject’s eyes move back and forth between the doctor and his attorney. Nor would it help if the attorney were listening from outside the room, for the subject’s attention would still wander where his eyes could not. And the attorney’s presence in such a purely observational capacity, without ability to advise, suggest or object, would have no relationship to the Sixth Amendment’s [guarantee to the assistance of counsel].” (United States v Byers, 740 F2d 1104, 1120, supra; see also, State v Manfredi, 17 Conn App 602, 555 A2d 436, cert granted in part 211 Conn 809, 559 A2d 1142, affd 213 Conn 500, 569 A2d 506, cert denied 498 US 818.)
I note, in so concluding, that this reasoning has been *633 applied in similar presentence circumstances, by at least one New York State trial court to date. In People v Jennings (indictment No. 7334-88), the learned Justice Peter J. McQuillan directed that defendant be permitted to have a representative of his choosing
"observe his psychiatric evaluation * * * for the purpose of preparing a Presentence Evaluation for the Department of Probation, with the following conditions * * *
"2. If psychodiagnostic testing is to be administered, such testing may not be observed by a third party as it may have the effect of biasing the test results.” (Order per McQuillan, J., July 24, 1989.)
For the foregoing reasons, psychological testing of defendant to be administered by the Forensic Psychiatry Clinic may not be observed by defense counsel or any other third party except to the extent authorized by the Forensic Psychiatry Clinic.

 The presence of the defense attorney at this initial interview was prior to counsel’s first appearance in court in this case and counsel’s access to that interview was obtained without prior direction by this court.