OPINION OF THE COURT
Larry M. Himelein, J.
The People have moved for an order permitting them to be present during psychiatric or psychological examinations of defendant by mental health professionals hired by the defense. The People claim they are entitled to attend such examinations pursuant to People v Pitts (93 NY2d 571) and CPL 60.55. *660 However, the court sees nothing in Pitts or in the statute that compels the result sought by the People.
In Pitts (supra), the defense filed a generic CPL 250.10 notice. Despite repeated entreaties from the People, the defense, just before jury selection, revealed for the first time that they intended to pursue the affirmative insanity defense under Penal Law § 40.15 and, additionally, a psychiatric defense based on defendant’s inability to form an assaultive intent. Because of the untimeliness of the notice, the court precluded the defense from offering the evidence on the intent issue. The conviction was affirmed and the Court of Appeals found that the trial court had acted within its discretion in precluding defendant because of defendant’s failure to comply with CPL 250.10.
Similarly, in People v Berk (88 NY2d 257, cert denied 519 US 859), the defense failed to serve a CPL 250.10 notice but then sought to introduce expert testimony in connection with a proposed defense of extreme emotional disturbance. The trial court precluded the evidence because of the defense’s failure to serve the CPL 250.10 notice and this preclusion was upheld by the Court of Appeals.
CPL 60.55, also relied on by the People, is not persuasive. Subdivision (1) of that section simply authorizes the testimony of a psychiatrist or psychologist in connection with the affirmative defense of lack of criminal responsibility by reason of mental disease or defect and provides that the witness must be permitted to make an explanation that would clarify the witness’ diagnosis and opinion. This section simply permits expert testimony on a psychiatric defense. Moreover, Professor Preiser’s Commentary notes that recent decisions (citing People v Jones, 73 NY2d 427) have rendered this subdivision “somewhat moot” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 60.55, at 147).
Subdivision (2) of CPL 60.55 provides only that the privilege against self-incrimination is waived by a defendant who asserts the “insanity” defense but only to the extent that the information obtained from the defendant bears on the defense of lack of responsibility (see, Lee v County Ct., 27 NY2d 432, cert denied 404 US 823). None of the People’s authorities address the issue the People raise here: whether a representative of the prosecution is entitled to be present at a psychiatric examination of a defendant by a psychiatrist retained by the defense. Clearly, the People have the right to be present at any examination by their own psychiatrist (CPL 250.10 [3]). However, *661 the People argue that because a defendant is entitled to have his attorney present at an examination conducted by a prosecution psychiatrist, it is unfair for the People not to be allowed at a psychiatric examination done by a defense psychiatrist. While the court might be somewhat sympathetic to that argument, it is not for this court or any other to second-guess the Legislature. As is often pointed out, discovery is strictly a creation of the Legislature and if the Legislature does not provide for a certain type of discovery, it is not for the courts to provide it (see, e.g., Matter of Pirro v LaCava, 230 AD2d 909, lv denied 89 NY2d 813).
Moreover, there are ample reasons why the Legislature might choose to prevent a prosecutor from being present during a defense psychiatrist interview of a defendant. At the time of the examination, it may be unclear whether a psychiatric defense will ever be invoked. The examination may reveal a myriad of prior misconduct or other crimes evidence on the part of a defendant that the prosecutor would then proceed to investigate. While much of this would be admissible at trial if the defendant invoked a psychiatric defense (see, CPL 60.55), in the absence of such a defense, the information would be exceedingly helpful to the prosecution.
Finally, it is inconceivable that the Legislature would enact one standard for an incarcerated defendant and one standard for a defendant who has been released on bail or recognizance. A defendant who has been released would be free to make appointments with any number of psychiatrists in anticipation of a psychiatric defense. Here, the only reason the People were aware that a psychologist was going to visit defendant in jail was because they had been “tipped off’ by jail personnel.
For all these reasons, the defense motion to bar the People from attending examinations of defendant by a defense psychiatrist or psychologist is granted and the People’s cross motion to allow their presence during such examinations is denied.