*220 OPINION OF THE COURT
John M. Leventhal, J.
The defendants in these two unrelated cases have moved before this Court to allow their psychiatric experts to be present at mental examinations to be conducted by the People pursuant to CPL 250.10. After due deliberation, defendants’ motions are denied on the ground that there is no statutory basis for the presence of defendants’ experts at the psychiatric exams conducted by the People’s experts.
Defendant Anthony Ceasar stands charged in indictment No. 10199-99 with two counts, respectively, of assault in the second degree and menacing in the second degree, and one count, respectively, of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child. Pursuant to CPL 250.10, defendant Ceasar has filed timely notice of his intent to present psychiatric evidence at trial. CPL 250.10 (3) provides the People with the right to “apply to the court * * * for an order directing that the defendant submit to an examination by a psychiatrist * * * designated by the district attorney.” This Court has granted the People’s application to examine the defendant. Defendant Ceasar moved orally before this Court for permission to have his own expert present at the psychiatric exam conducted by the People’s psychiatrist. The People opposed the motion.
Defendant Valerie Seeley is charged with two counts of murder in the second degree under indictment No. 86-1998. The People have not yet scheduled an appointment to conduct a mental examination of defendant Seeley under CPL 250.10 (3), and at this time it is not clear if they intend to examine the defendant at all. Defendant Seeley now moves this Court to have her expert present in the event the People wish to examine her. The People oppose this motion.
CPL 250.10 (3) explicitly provides that a “[d]efendant has a right to have his counsel present at such an examination.” Aside from the District Attorney, the statute makes no mention of other individuals who may be present. This statutory silence is some evidence of the Legislature’s intent to exclude defense experts from attending psychiatric examinations conducted by the prosecution.[1]
CPL 250.10 (3) also reads in pertinent part that “[t]he role of each counsel at such examination is that of an observer, and *221 neither counsel shall be permitted to take an active role at the examination.” This is reflective of the Legislature’s desire that defense counsel be present only to ensure that her client’s rights are protected.[2] In the absence of defense counsel, an infringement of a defendant’s rights during a psychiatric examination by the prosecution will not be reflected in the record and may never become known.[3] On the contrary, the presence of the defense psychiatrist is in all likelihood designed to facilitate critique of the prosecution’s psychiatrist’s examination methodology. The defense through cross-examination is provided, however, with a forum in which to defeat any suspect examination techniques. (See CPL 60.55 [1].) Thus, the presence of defendant’s psychiatric expert is not essential.
On at least two occasions, New York courts have addressed issues similar to that before this Court. In People v Kindt (182 Misc 2d 659), the prosecutor requested to be present at a mental examination of the defendant by the defendant’s own psychiatrist. The prosecution cited no authority supporting or even addressing its request. Thus, the court looked to the statutory silence of CPL 250.10. The court maintained that although defense counsel had the right to be present at the prosecution’s mental examination of the defendant, it would not allow the reverse situation. The court held (at 661): “[I]t is not for this court or any other to second-guess the Legislature. As is often pointed out, discovery is strictly a creation of the Legislature and if the Legislature does not provide for a certain type of discovery, it is not for the courts to provide it [citations omitted].” This Court agrees with this reasoning and has previously held that it cannot create discovery processes where the Legislature has not explicitly authorized them:
*222 “At common law, courts had no power to order discovery in criminal cases (People v Colavito, 87 NY2d 423, 426; People ex rel. Lemon v Supreme Ct., 245 NY 24, 28). There is also no Federal or State constitutional right to discovery (Weatherford v Bursey, 429 US 545, 559; Matter of Miller v Schwartz, 72 NY2d 869, 870). The New York Legislature has taken into account values ‘premised on constitutional rights and fundamental fairness’ and adopted CPL article 240 which, by specifying what exactly is discoverable prior to a criminal trial, essentially excludes items not mentioned from discovery (People v Colavito, supra, 87 NY2d, at 427).
“Since there is no constitutional right to discovery in criminal cases, courts cannot grant discovery where no statutory basis exists (Matter of Sacket v Bartlett, 241 AD2d 97, 101; Matter of Pirro v LaCava, 230 AD2d 909, 910). Thus, discovery in criminal proceedings is entirely governed by statute (People v Copicotto, 50 NY2d 222, 225; Matter of Hynes v Cirigliano, 180 AD2d 659).” (People v Seeley, 179 Misc 2d 42, 50.)
People v Santana (80 NY2d 92) involved the interplay of subdivisions (3) and (4) of CPL 250.10. CPL 250.10 (4) requires that a written report and summary of the psychiatric examination of the defendant by the prosecution be prepared and made available to the defense counsel. It is in the discretion of the court whether or not a transcript or recording of the examination is to be made. If it is so ordered, however, the statute provides that the transcript or recording will be made available to the defense counsel as well. In Santana, the trial court in denying defendant’s request for a transcript or recording likened this request to the presence of defendant’s expert at the exam. The Court of Appeals never had to reach this issue, as the conviction was reversed on other grounds. The statute, however, explicitly allows a court to exercise its discretion in permitting a mental examination to be transcribed or taped. There is nothing in CPL 250.10 authorizing the presence of an expert at a mental exam, even in the court’s discretion. The disruptive potential of the presence of the expert leads this Court to deny the request even if the Court were to have the *223 inherent discretion to grant such a request.[4]
Accordingly, each defendant’s application to allow his or her respective psychiatric expert to attend the mental exam is denied.

. Where the Legislature has listed specific items in a statute, it is the general rule that the express mention of one thing implies the exclusion of *221 other similar things (expressio unius est exclusio alterius). Where the legislative intent is clear, the statute must be strictly construed. There may be additional evidence as to the Legislature’s intent in drafting CPL 250.10 (3). CPL 730.20, which governs the fitness of defendants to stand trial, explicitly states that a defense psychiatrist may be present at the mental examination of the defendant. This examination, however, is nonadversarial, conducted by court-appointed psychiatrists, and is conducted under different circumstances than those ordered under CPL 250.10 (3).

. Defense counsel may attend examination but may not make objections or advise client not to answer questions (see, e.g., Matter of Lee v County Ct., 27 NY2d 432).

. Defense counsel’s presence is essential (see, e.g., People v Cerami, 33 NY2d 243 [where notice of psychiatric examination of defendant specified no details as to date, time, or place, and consequently examination was held without presence of defense counsel, prosecution could not offer testimony of examining psychiatrist at confession and suppression hearing to rebut defendant’s insanity defense]).

. (See, e.g., People v Lazzarino, 157 Misc 2d 627, 632 [holding that an attorney could not be present at a presentencing psychiatric examination, as “(e)ven if counsel were uncharacteristically to sit silent and interpose no procedural objections or suggestions, one can scarcely imagine a successful psychiatric examination in which the subject’s eyes move back and forth between the doctor and his attorney”], citing United States v Byers, 740 F2d 1104, 1120.) Parenthetically, a defense attorney, although allowed at a psychiatric examination pursuant to CPL 250.10, is not permitted to attend a presentencing examination, as “it is not a critical stage of the proceeding.” (People v Labardy, NYLJ, Mar. 18, 1997, at 29, col 5, quoting People v Bogart, 148 Misc 2d 327.)