OPINION OF THE COURT
Stephen A. Knopf, J.
*392 The People have filed a motion and supplemental motion with this court seeking an order of this court granting the People permission to be present at the defendant’s CPL article 730 examination. In the alternative, the People request that said examination be videotaped. The defendant opposes this application in its entirety.
Findings of Fact
This indictment arose out of an incident that allegedly took place on February 15, 2011, at approximately 8:00 a.m., in the vicinity of Main Street and Maple Avenue, in Flushing, Queens. On that date, the defendant allegedly punched the complainant, his ex-girlfriend, and repeatedly stabbed her with a knife. He then fled the scene.
The defendant was arrested two days later. He was subsequently indicted for attempted murder in the second degree and related charges.
This matter was sent to this court for jury trial. Immediately prior to jury selection, the attorney for the defendant requested a CPL article 730 examination of this defendant, to be conducted prior to the commencement of the defendant’s trial. The court granted the defendant’s attorney’s application. At this point, the People requested permission to be present at the examination or, in the alternative, an order of this court to have this examination videotaped.
Conclusions of Law
Article 730 of the Criminal Procedure Law mandates under what conditions a defendant is fit to proceed to trial. In relevant part, CPL 730.30 (1) provides:
“At any time after a defendant is arraigned upon an accusatory instrument other than a felony complaint and before the imposition of sentence, . . . the court wherein the criminal action is pending must issue an order of examination when it is of the opinion that the defendant may be an incapacitated person.”
CPL 730.10 (1) defines an incapacitated person as follows:
“ ‘Incapacitated person’ means a defendant who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense.”
CPL 730.20 (6) provides, in pertinent part, that
“[w]hen a defendant is subjected to examination pursuant to an order issued by a criminal court . . . , *393 any statement made by him for the purpose of the examination or treatment shall be inadmissible in evidence against him in any criminal action on any issue other than that of his mental condition.”
CPL 250.10 describes the procedure whereby a defendant may proffer a psychiatric defense. CPL 250.10 (3) provides, in pertinent part, that
“[i]f the application is granted, the psychiatrist or psychologist designated to conduct the examination must notify the district attorney and counsel for the defendant of the time and place of the examination. Defendant has a right to have his counsel present at such examination. The district attorney may also be present.”
CPL 250.10 (4) provides, in pertinent part, as follows: “No transcript or recording of the examination is required, but if one is made, it shall be made available to both parties prior to the trial.”
In an issue of this nature, is important to look at legislative intent and statutory authority. In analyzing construction and interpretation, New York law describes, in McKinney’s Consolidated Laws of NY, Book 1, Statutes, chapter 6, part A, § 74, as follows:
“A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.”
In analyzing the intent of the Penal Law, statutory construction is even stricter. In chapter 7, part A, § 271 (a) and (b) of Statutes,
(a) “Generally, penal statutes are strictly construed against the State and in favor of the accused.”
(b) “Penal laws cannot be the offspring of surmise, inference, implication, or conjecture.”
A review of the statutory authority and case precedent reflect that the State Legislature, in drafting article 730, did not include a provision that permits the presence of an assistant district attorney during the defendant’s CPL article 730 examination; only that of his counsel. By contrast, a review of the procedure in article 250 reflects that both sides may be present at a CPL 250.10 examination.
*394 Additionally, there is no statutory authority for audiotaping or videotaping the defendant’s 730 examination. While a transcript or audio or video recording is permitted by article 250, there is no statutory authority for this procedure in CPL article 730. (See CPL 250.10 [4].)
This court concludes that there is no legal basis for this court to grant the relief the People seek. In case law provided by the prosecution and defense, there is no direct appellate precedent that shows that this specific relief is warranted under the law.
Case law reflects there are many instances where prosecutors have sought to be present at examinations of defendants. In People v Kindt (182 Misc 2d 659 [Cattaraugus County Ct 1999]), a prosecutor sought to be present at the examination of a defendant by a mental health professional hired by the defendant. The Kindt court found that while a defendant is entitled to counsel at a psychiatric examination conducted by the prosecution, there is no corresponding right for the People to be present.
In People v Ceasar (188 Misc 2d 219 [Sup Ct, Kings County 2001]), the Ceasar court found that a defendant’s psychiatric expert may not be present at a CPL 250.10 mental examination of a defendant conducted by the People. This Ceasar court held that “[w]here the Legislature has listed specific items in a statute, it is the general rule that the express mention of one thing implies the exclusion of other similar things (expressio unius est exclusio alterius)” (Ceasar at 220 n 1).
In People v Whitfield (97 Misc 2d 236 [Monroe County Ct 1978]), an issue in the case centered around the defendant’s attorney’s participation in the examination, involving a sanity defense. Here, the statutes at issue are different.
In Matter of Jose T. (126 Misc 2d 559 [Fam Ct, Kings County 1984]), the presence of attorneys at an examination that determined the termination of parental rights due to a parent’s mental illness was the ultimate issue litigated. This examination did not involve a criminal action.
People v Chung (8 Misc 3d 321 [Sup Ct, Westchester County 2005]) involved a CPL 250.10 psychiatric examination. Here, the Chung court held that the defendant was entitled to the presence of his lawyer as an observer; there was no mandate to have the examination audiotaped or videotaped.
In Matter of Campbell (177 Misc 2d 59 [Sup Ct, Suffolk County 1998]), a request for videotaping an examination to be *395 used in a patient’s civil commitment proceeding, at the patient’s request, was granted. Different statutory goals were present here.
In Mosel v Brookhaven Mem. Hosp. (134 Misc 2d 73 [Sup Ct, Suffolk County 1986]), the issue involved a physical examination of an incompetent plaintiff, a semicomatose patient. Videotaping was permitted here because the plaintiff was not competent to testify.
However, in People v Camara (Sup Ct, NY County 2011, index No. 5758/11), while the court granted a request to videotape the defendant’s CPL article 730 examination, this case also involved a CPL 250.10 examination. Here, the issues were intertwined.
In making its determination, this court is mindful that the purpose and goal of the CPL article 250 and the CPL article 730 examinations are different, and cannot be interwoven. Additionally, it is not for this court to interpose itself and supercede the State Legislature.
The People argue that the presence of the district attorney at the defendant’s CPL article 730 examination can add clarity, and add an additional safeguard in insuring the interview is conducted properly with the appropriate outcome reached. Indeed, any statements made by the defendant at said examination are not admissible at trial. The People also argue that videotaping the examination is not intrusive. On the other hand, while the examination is a nonadversarial proceeding, the defendant argues that the presence of a prosecutor can have a chilling effect on the defendant’s candor and that the presence of cameras may inhibit the defendant and provide the prosecutor with information he is not otherwise entitled to.
As the law of this state at this time does not authorize the relief sought by the People, it is this court’s conclusion that it would be improper for the court to grant it.
Accordingly, based on all the facts and circumstances of this case viewed against the backdrop of the statutory and case precedent, this court must deny the People’s application in all respects.