FERMAN GONZALEZ *vs.* POLICE COMMISSIONER OF BOSTON (and a companion case[1]). April 27, 1978. 1. There was nothing in G. L. c. 31, § 20D (as amended through St. 1971, c. 182), or in any other statute, which required the commissioner to give either plaintiff a hearing before terminating his status as a probationary patrolman. It is settled that neither plaintiff was entitled to such a hearing under the due process clause of the Fourteenth Amendment of the Constitution of the United States. *Stetson* v. *Selectmen of Carlisle*, 369 Mass. 755, 764-765 n.14 (1976). We note that it does not appear from the pleadings or the evidence that either plaintiff has ever requested a posttermination hearing at which he could challenge the substantial truth of the facts asserted or the reasons given by the commissioner for terminating him. See *Codd* v. *Velger*, 429 U.S. 624, 627-628 (1977). 2. We need not consider the plaintiffs' contention that the commissioner's letters of termination failed to satisfy the "particularity" requirement of the second paragraph of G. L. c. 31, § 20D (as appearing in St. 1968, c. 506), because no such contention appears to have been raised below. *Milton*

_____

[1] Francis X. Aherne *vs.* Police Commissioner of Boston.

v. *Civil Serv. Commn.*, 365 Mass. 368, 379 (1974). *Kelsey* v. *Panarelli*, 5 Mass. App. Ct. 480, 482 (1977). If we were to consider the contention, we would conclude that it lacks merit with respect to either letter. See *Sullivan* v. *Municipal Court of the Roxbury Dist.*, 322 Mass. 566, 577 (1948); *Thibeault* v. *New Bedford*, 342 Mass. 552, 558 (1961). 3. No other question has been argued.

*Judgments affirmed.*

*Frank J. McGee (Kevin P. Phillips* with him) for the plaintiffs.
*John W. Fieldsteel* for the defendant.