OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the People for an order supple *237 menting this court’s previous order directing the defendant to submit to a psychiatric examination on behalf of the People.
The defendant has been indicted on charges of murder in the second degree (Penal Law, § 125.25) and arson in the second degree (Penal Law, § 150.15) and has served notice that she will rely on the defense of mental disease or defect. The previous order of this court provided for the presence of both the prosecutor and the defense attorney at this psychiatric examination and further provided for the transcription of the exchange between the defendant and the People’s psychiatrist.
The People now argue that the presence of both counsel and a stenographer at this examination may significantly alter its integrity and offer as a solution the placement of those three individuals behind a one-way mirror from which point they can observe and hear the examination conducted without constituting visual interference. The defendant argues that this will deprive her of the effective assistance of counsel to which she is entitled under the case law of this State.
Such an application is a novel one.
Federal case law is in accord with the People’s position that the presence at the prosecutor’s mental examination of a third party in a legal and nonmedical capacity would severely limit the efficacy of the examination (United States v Baird, 414 F2d 700, 711; United States v Albright, 388 F2d 719, 726). Relying upon these cases, the Appellate Division, Fourth Department, in Matter of Lee v County Ct. of Erie County (33 AD2d 1093), ordered that the psychiatric examination of the defendant be conducted "uninfluenced by the presence of nonmedical persons.” The Court of Appeals concurred in this result (27 NY2d 432, 443), and then went on to hold that (p 444) "in examinations conducted after the date of this decision, the defendant has a right of counsel.”
Matter of Lee v County Ct. of Erie County (supra) represents the minority view in this country (Smith v Estelle, 445 F Supp 647). The majority view is that there is no right to counsel in a compelled psychiatric examination to determine a defendant’s sanity (United States v Cohen, 530 F2d 43, 47, cert den 429 US 855; United States v Smith, 436 F2d 787, 790, cert den 402 US 976). However, all jurisdictions are in agreement that a psychiatric examination of the defendant performed postarraignment, without the permission of the court and without knowledge of defense counsel, are proscribed (People v Al-Kanani, 26 NY2d 473; Smith v Estelle, supra).
*238 Thus, this right claimed by the defendant is not so sacrosanct as to preclude the variation sought by the People, nor does Matter of Lee v County Ct of Erie County (supra) militate against the People’s application.
Although, by virtue of Matter of Lee v County Ct. of Erie County (27 NY2d 432, 444, supra), the defendant is entitled to the assistance of counsel, the Court of Appeals expressly stated "the defendant is entitled to have counsel present to make more effective his basic right of cross-examination” and "[w]e see no merit to the argument that defense counsel should be permitted to take an active role at the examination, or that he should be allowed to advise his client not to answer questions put to him by an examining psychiatrist or make objections. As in Wade situations, the function of counsel is limited to that of an observer.”
The arrangement requested by the People affords the defendant’s attorney the opportunity to protect her interests as mandated by Lee while at the same time avoiding the interference of nonmedical personnel that concerned Baird and Albright. It provides an excellent compromise between two conflicting positions.
Therefore, the application of the People that the psychiatric examination of the defendant be conducted according to the conditions set forth in their moving documents is granted.