RONALD J. GRANT *vs.* POLICE COMMISSIONER OF BOSTON.

Suffolk.    January 10, 1979. — March 28, 1979.

Present: KEVILLE, ROSE, & PERRETTA, JJ.

*Due Process of Law*, Termination of employment, Hearing. *Civil Service*, Police, Notice. *Police*, Termination of employment.

Where a probationary patrolman was notified, pursuant to G. L. c. 31, § 20D, that his employment was terminated on the grounds that he had been in the company of an "admitted homosexual" on a specific date and that he had falsified a report to his superior officer concerning an incident that had occurred while he was with that person and the patrolman did not deny those charges, he was not entitled, as a matter of due process, to a termination hearing. [298-300]

A *termination letter sent to* a probationary patrolman which stated as reasons for the termination that he had been in the company of an "admitted homosexual" on a specific date and that he had falsified a report to his superior officer concerning an incident that had occurred while he was with that person was sufficiently specific to comply with the requirements of G. L. c. 31, § 20D. [300]

CIVIL ACTION commenced in the Superior Court on November 12, 1974.

The case was heard by *Mazzone,* J.

*Frank J. McGee (Kevin P. Phillips* with him) for the plaintiff.

*John W. Fieldsteel* for the defendant.

PERRETTA, J. This case involves cross appeals from a judgment ordering the defendant to afford the plaintiff, a discharged probationary patrolman, a post-termination hearing. The sole purpose of the hearing was to provide him with an opportunity to clear his name of the charges which led to his dismissal from the police academy. The plaintiff seeks reinstatement and back pay, alleging that he was improperly terminated. He argues that as a matter of due process[1] he was entitled to a pre-termination administrative hearing. He further asserts that the notice of the charges against him does not comply with G. L. c. 31, § 20D.[2] The defendant requests this court to reverse the judgment and to dismiss the action because the plaintiff failed to refute the charges which were the factual basis for his termination, and as a result of this failure a termination hearing is unnecessary. We reverse the judgment and order the action dismissed.

The defendant notified the plaintiff by letter, pursuant to G. L. c. 31, § 20D,[3] that his employment was termin-

---

[1] The plaintiff relies upon the United States Constitution.

[2] Section 20D has been superseded by § 34, inserted by St. 1978, c. 393, § 11, effective January 1, 1979.

[3] The notice provision of G. L. c. 31, § 20D, as amended through St. 1971, c. 182, §§ 1, 2, states: "If the conduct or capacity of a person serving a probationary period under an appointment in the official service or labor service, or the character or quality of the work performed by him, is not satisfactory to the appointing authority, he may, at any time after such person has served thirty days and prior to the end of such probationary period, give such person a written notice to that effect, stating in detail the particulars wherein his conduct or capacity or the character or quality of his work is not satisfactory, whereupon his service shall terminate. The appointing authority shall at the same time send a copy of such notice to the director. In default of such a notice, the appointment of such person shall become permanent upon the termination of such period; provided, however, that the director, with the approval of the commission, may establish proce-

ated. The letter stated as reasons for the termination that the plaintiff had been in the company of "an admitted homosexual during the early morning hours" of a specific date, and that he had falsified a report to his superior officer concerning "a certain incident" that had occurred while he was with that person. The letter concluded with the statement that the division of training and education and the internal affairs division of the police department had recommended to the defendant that the plaintiff be discharged because of their belief that he had "certain behavioral and psychological problems." The trial judge found that the letter complied with G. L. c. 31, § 20D, because it stated the details of the plaintiff's unacceptable conduct; however, he ruled that relief was required because of the inclusion of the nonspecific concluding paragraph of the letter which, when read with the initially described conduct, created a "suggestiveness" which entitled the plaintiff to an opportunity to clear his name.

The only issues raised by the plaintiff's complaint were the sufficiency of the notice of the charges and his right to a pre-termination hearing.[4] While the plaintiff has always demanded a hearing, he has never refuted the charges and he takes the position that he need not do so in order to maintain his due process claim. The plaintiff is incorrect.

Termination alone is not sufficient basis for a claim of a denial of due process rights. *Arnett* v. *Kennedy*, 416 U.S. 134, 152 (1974), rehearing denied, 417 U.S. 977 (1974). *Stetson* v. *Selectmen of Carlisle*, 369 Mass. 755, 761 (1976). Due process affords protection against damage to a person's standing and associations in the community, and

dures assuring the evaluation by appointing authorities of the performance of police officers during such probationary period."

[4] The plaintiff has never requested a determination as to whether these charges, even if true, provide an adequate basis for a dismissal from employment. Mass.R.A.P. Rule 16(a)(4), as amended, 367 Mass. 921 (1975).

against actions by an employer which foreclose employment opportunities because these are liberty interests within the reach of the Fourteenth Amendment to the United States Constitution. *Regents of State Colleges* v. *Roth*, 408 U.S. 564, 573 (1972). When these liberty interests have been violated, a nonpermanent municipal employee is entitled to a termination hearing for the sole purpose of clearing his name and thereby restoring his reputation. A violation occurs if an employer "creates and disseminates a false and defamatory impression about the employee in connection with his termination . . . ." *Codd* v. *Velger*, 429 U.S. 624, 628 (1977). However, because of the limited purpose of the hearing to clear one's name, it is a condition precedent to the hearing that the employee deny the charges. "If he does not challenge the substantial truth of the material in question, no hearing would afford a promise of achieving that result for him." *Codd*, 429 U.S. at 627-628. Compare *Stetson*, 369 Mass. at 759 (plaintiff alleged the factual basis for his dismissal was false); *Gonzalez* v. *Police Commr. of Boston*, 6 Mass. App. Ct. 873 (1978) (plaintiff never sought an opportunity to clear his name). The plaintiff's failure to challenge the charges suggests that he does not claim that the defendant created false information.

Not only must there be a creation of false information by the employer, there also must be a dissemination of that information by the employer before there is a deprivation of an employee's liberty interests. *Codd*, 429 U.S. at 628. Compare *Stetson*, 369 Mass. at 762. The protection of liberty interests is violated neither by the presence of adverse information in a personnel file, standing alone (*Bishop* v. *Wood*, 426 U.S. 341, 348 [1976]), nor by an involuntary termination that has made future employment difficult to obtain (*Roth*, 408 U.S. at 574 n.13; *Codd*, 429 U.S. at 628).

The trial court found that the defendant had not abused the confidentiality of the plaintiff's personnel file; that the Boston Police Patrolmen's Association had dis-

seminated information concerning these charges on the plaintiff's behalf; that the plaintiff had not made a diligent search for new employment; and that the plaintiff had volunteered the reasons for his dismissal to prospective employers. These findings are not clearly erroneous and they need not be disturbed. *New England Canteen Constr. Serv. Inc.* v. *Ashley,* 372 Mass. 671, 675 (1977); *Sanguinetti* v. *Nantucket Constr. Co.,* 5 Mass. App. Ct. 227, 228 (1977).

The plaintiff's final claim of inadequate notice under G. L. c. 31, § 20D, cannot prevail. The termination letter complied with the provisions of the statute by giving the plaintiff reasons for his dismissal in sufficient detail. *Thibeault* v. *New Bedford,* 342 Mass. 552, 558 (1961). Compare *Costa* v. *Selectmen of Billerica,* 6 Mass. App. Ct. 516, 517 n.3. (1978), further appellate review granted, 376 Mass. 935 (1978). This notice gave him an adequate basis upon which to formulate a denial if he had chosen to do so.

The judgment is reversed, and a new judgment is to be entered dismissing the action.

*So ordered.*