FREDERICK C. NOLAN vs. POLICE COMMISSIONER OF BOSTON.

Suffolk. February 2, 1981. — May 12, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Police. Injunction. Practice, Civil,* interlocutory appeal. *Public Employment,* Psychiatric examination. *Privacy.*

A police officer who had been ordered by the police commissioner of the city of Boston to undergo a psychiatric examination prior to his reinstatement to active service after he had been suspended for allegedly committing an assault and battery on three off-duty officers failed to show any likelihood of irreparable harm so as to entitle him to an injunction allowing his counsel to be present and available for consultation during such psychiatric examination. [626-630]

CIVIL ACTION commenced in the Superior Court Department on November 21, 1979.

A motion for preliminary injunctive relief was heard by *Nolan, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Mary McAuliffe* for the defendant.

*Frank J. McGee* for the plaintiff.

LIACOS, J. Joseph M. Jordan, police commissioner of the city of Boston (Commissioner), appealed from the issuance of a preliminary injunction in the Superior Court on November 21, 1979. G. L. c. 231, § 118, second par. We transferred the appeal from the Appeals Court on our own motion, and we now order the injunction vacated. The facts are as follows.

Frederick C. Nolan was suspended without pay from his position as a Boston police officer for a sixteen-month period from March 27, 1978, through July 25, 1979. The Commissioner imposed the suspension after Nolan allegedly com-

mitted an assault and battery on three off-duty police officers during a union meeting.[1] One week prior to his expected return to duty, the Commissioner informed Nolan that, prior to reinstatement, he would be expected to undergo both a physical and psychiatric examination by doctors chosen by the Commissioner. Nolan challenged this order by bringing a complaint in the Superior Court. After hearing cross motions for summary judgment, a judge denied Nolan's request for relief, affirming the Commissioner's power to require Nolan to submit to a psychiatric examination to determine his fitness to resume active service, and in particular his fitness to carry a firearm.[2] The judgment for the Commissioner in that case was affirmed. *Nolan* v. *Police Comm'r of Boston*, 9 Mass. App. Ct. 938 (1980).

Complying with the order and accompanied by counsel, Nolan reported to the psychiatrist selected by the Commissioner. The psychiatrist conducted no examination, however, because he rejected Nolan's request that counsel be present and that the interview be tape-recorded. In response to Nolan's letter of complaint about "abrasive" and "arbitrary" treatment by the psychiatrist, the Commissioner then acquiesced in Nolan's request that the entire interview be tape-recorded, but refused to allow counsel to be present. Thereafter Nolan brought the instant complaint, seeking a declaratory judgment and seeking to enjoin any psychiatric examination without counsel present. A Superior Court judge issued a preliminary injunction allowing Nolan's counsel to be present outside the interview room and available for consultation during the interview. We consider the appropriateness of that order.

The parties are in agreement that the standard by which we evaluate the propriety of a preliminary injunction is that set forth in *Packaging Indus. Group, Inc.* v. *Cheney*, 380

---

[1] After a guilty disposition on criminal complaints brought in the District Court, Nolan was acquitted on trial de novo in the Superior Court.

[2] Nolan has returned to office duty with full pay, but without access to his service revolver, pending resolution of this question.

Mass. 609, 616-618 (1980).[3] The Commissioner claims error in the judge's action because Nolan has demonstrated no risk of irreparable harm. He argues that there is no legal or constitutional right infringed by denial of counsel's availability during the interview; that the right to counsel does not attach to a preliminary, investigative stage of an administrative proceeding; and that the right to consult with counsel unduly burdens the Commissioner's right to a thorough evaluation of Nolan's fitness. Nolan, for his part, asserts that irreparable harm "is done by the invasion of privacy occasioned by the examination itself." We hold that there is no right established on this record to have counsel present or available for consultation during such psychiatric examination.

The plaintiff relies on two cases to support his claim that he has a right to have counsel available to him during the psychiatric examination. The first case is *Thornton* v. *Corcoran*, 407 F.2d 695 (D.C. Cir. 1969). The case in large part is inapposite in that it dealt with the issue whether a criminal defendant who raised the defense of mental illness had a right to confront the State-appointed psychological

---

[3] Our appellate function is described thus: "[I]n assessing whether a judge erred in granting or denying a request for preliminary injunctive relief, we must look to the same factors properly considered by the judge in the first instance. Evaluation of these factors turns on 'mixed questions of fact and law. On review the [trial] court's . . . conclusions of law are subject to broad review and will be reversed if incorrect.'" *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 615-616 (1980), quoting from *Buchanan* v. *United States Postal Serv.*, 508 F.2d 259, 267 n.24 (5th Cir. 1975). The standard for the issuance of preliminary injunctions is also set forth in *Cheney*: "[W]hen asked to grant a preliminary injunction, the judge initially evaluates in combination the moving party's claim of injury and chance of success on the merits. If the judge is convinced that failure to issue the injunction would subject the moving party to a substantial risk of irreparable harm, the judge must then balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party. What matters as to each party is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits. Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue." *Cheney, supra* at 617.

examiners and to preserve his privilege against self-incrimination. Additionally, the holding of the case does not help the defendant for, even in the context of a criminal case, the court made no order that required the attorney's presence at the actual psychiatric interview. Instead, the court suggested that defense counsel be allowed access to a tape recording of the examination interview and to have complete access to any reports or other materials prepared or used by the State's examiners. The other case relied on by the plaintiff involved a civil commitment proceeding, with a similar result as to the issue of presence of counsel. In *Lessard* v. *Schmidt,* 349 F. Supp. 1078 (E.D. Wis. 1972), vacated on other grounds, 414 U.S. 473 (1974), and 421 U.S. 957 (1975), the court stated: "We are unable at this point . . . to be so certain that assistance of counsel will prove [so] materially beneficial at the psychiatric interview as to be able to determine that the right to effective aid of counsel outweighs the interests of the state in meaningful consultation." 349 F. Supp. at 1100. Accord, *United States* v. *Albright,* 388 F.2d 719, 726 (4th Cir. 1968). We note that while this court has held the privilege against self-incrimination to apply to compelled psychiatric examinations conducted under G. L. c. 123, § 15, we did not provide the right to counsel during such examinations. *Blaisdell* v. *Commonwealth,* 372 Mass. 753 (1977). Cf. Mass. R. Crim. P. 14 (b) (2), 378 Mass. 878 (1979).

The cases which involve compelled psychiatric examination, in a criminal setting, or for purposes of civil commitment, bring into play constitutional interests far greater than the interest asserted by this plaintiff. Yet, even in such instances, there is little authority to support the plaintiff's argument. The few courts concluding that the individual's right to assistance of counsel admitted of counsel's presence at a psychological examination, have tailored that right to considerations of the sensitive and intimate nature of a psychiatric examination. See, e.g., *State* v. *Whitlow,* 45 N.J. 3, 26-28 (1965) (court may refuse to allow defense counsel's attendance if examining psychiatrist asserts counsel's presence would reduce effectiveness); *People* v. *Whitfield,* 97

Misc. 2d 236 (N.Y. 1978) (allow counsel only as observer behind one-way mirror); *Lee* v. *County Court,* 27 N.Y.2d 432, 444, cert. denied, 404 U.S. 823 (1971) (counsel may be present only to observe and take notes, not to take active role advising client). The parties direct us to no judicial opinion requiring active participation by counsel, as the instant injunction permits. Rather, the courts acknowledge that the right to counsel, though fundamental, is "not so sacrosanct as to preclude . . . variation." *People* v. *Whitfield, supra* at 238. See also *Lynch* v. *Baxley,* 386 F. Supp. 378, 389 n.5 (M.D. Ala. 1974) (presence of counsel might impair objective evaluation).

Nolan has failed to establish any right deserving greater procedural safeguards than those already offered by the Commissioner. The Commissioner's written permission to tape-record the entire interview comports with the proposal of the court in *Thornton* v. *Corcoran, supra* at 702. Also, the Commissioner has assured Nolan that the contents of the examination will not be used against Nolan in any criminal proceeding. Nolan raises no question of impermissible self-incrimination, apparently acknowledging the rule discussed in *Baker* v. *Lawrence,* 379 Mass. 322, 331 (1979), that a police officer could be disciplined for failure to divulge information pertinent to his conduct if he has been assured of immunity. *Id.* at 330-333. Accord, *Lefkowitz* v. *Turley,* 414 U.S. 70, 84 (1973).

Although the potential for dismissal and loss of employment may lurk behind the Commissioner's inquiry, Nolan claims no violation of a protectible property or liberty interest, presumably in deference to the reasoning of the Appeals Court in *Grant* v. *Police Comm'r of Boston,* 7 Mass. App. Ct. 296, 298-299 (1979).

Omitting any reference to the above-mentioned interests, Nolan makes the singular claim that the examination itself violates his privacy rights. In this he fails to demonstrate either the existence of such an abridgement or the prophylactic effect of counsel's presence.[4] The Commissioner

---

[4] In his answer to the plaintiff's complaint in the proceedings below, the Commissioner raised a defense of res judicata based on the earlier judg-

has promised Nolan that the examination will be used "solely for the purpose of determining [his] fitness for duty, and this material will be confidential and will not be available to the public without [his] authorization." The confidentiality of the examination report is protected not only by the Commissioner's promises but also by the statutory obligation imposed through G. L. c. 66A, § 2. At this stage of the proceedings there is no suggestion that these procedural entitlements have been violated.

There is no doubt that the Commissioner has a public duty to oversee the performance of police officers, and especially their use of firearms. *Boston* v. *Boston Police Patrolmen's Ass'n,* 8 Mass. App. Ct. 220, 225-227 (1979). A fortiori, the Commissioner has the authority and duty to determine a police officer's fitness to perform his duties or to return to full working status. *Broderick* v. *Police Comm'r of Boston,* 368 Mass. 33, 41-43 (1975), cert. denied, 423 U.S. 1048 (1976).

On the record before us, we believe that the Commissioner's agreement to allow the interview to be recorded and to restrict use of its contents to departmental concerns sufficiently preserves Nolan's rights of confrontation, as well as his right to assistance of counsel, and against self-incrimination. The record is bare of any threat to Nolan's privacy by the administration or the reporting of the examination. The enlarged protection afforded by the preliminary injunction is unwarranted. Because on this record there is no likelihood of irreparable harm, we vacate the preliminary injunction of the Superior Court and remand the case for further proceedings.

*So ordered.*

ment of the Superior Court affirming his right to order a psychiatric examination of Nolan. See *Nolan* v. *Police Comm'r of Boston,* 9 Mass. App. Ct. 938 (1980). The Commissioner does not argue res judicata here. However, that the Commissioner acted within his power to order such an examination seems well settled. See St. 1962, c. 322, § 1 (14); G. L. c. 41, § 98; *Boston* v. *Boston Police Patrolmen's Ass'n,* 8 Mass. App. Ct. 220, 226-227 (1979).