*322 OPINION OF THE COURT
Lester B. Adler, J.
By notice of motion dated March 30, 2005, the defendant has moved for an order directing that the psychiatric examination of the defendant by the People’s expert pursuant to CPL 250.10 (3) be audiotaped and videotaped for preservation purposes. In response, the People have filed an affirmation in opposition dated April 5, 2005. In light of the dearth of New York case law on this issue, the court granted the People’s application for oral argument. Based upon the submissions by both parties, as well as the oral argument heard before the court on April 7, 2005, the following constitutes the decision and order of the court.
Findings of Fact
By indictment No. 05-0092, defendant is charged with one count of manslaughter in the first degree (Penal Law § 125.20 [1]). Defendant was arraigned with counsel on February 17, 2005, at which time the matter was adjourned to March 3, 2005 for a conference. On the adjourn date, defense counsel served and filed a “Notice of Intent to Proffer Psychiatric Evidence” pursuant to CPL 250.10 (1) (c).
On March 30, 2005, defendant served the instant motion on the District Attorney’s Office for an order requiring that the examination by the People’s expert, Dr. Angela Hegarty, which is scheduled to be conducted at the Westchester County Jail on April 12, 2005 and April 19, 2005, be audiotaped and videotaped.[1]
Conclusions of Law
In contrast to the law in numerous jurisdictions throughout the United States, it is established law in the State of New York that a pretrial psychiatric examination constitutes a critical stage in the prosecution of one accused of a crime and, therefore, a defendant is entitled to have counsel present “to make more effective his basic right of cross-examination” (Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 444 [1971], cert denied *323 404 US 823 [1971]).[2] At the same time, however, representation at the examination is limited to that of an observer, and while a defense attorney is permitted to take notes, any comments or objections regarding the conduct of the examination must be saved for trial and cross-examination of the psychiatrist (id.; see also People v Perkins, 166 AD2d 737, 739 [1990], lv denied 76 NY2d 1023 [1990]). The Court added that “although no stenographic transcript of the examination is required, if one is made, it shall be made available to both sides prior to trial” (Matter of Lee, 27 NY2d at 444).
Approximately rune years after the Court of Appeals decision in Lee,[3] CPL 250.10 was amended to add subdivision (4) which provides:
“After the conclusion of the examination, the psychiatrist or psychologist must promptly prepare a written report of his findings and evaluation. A copy of such report must be made available to the district attorney and to the counsel for the defendant. No transcript or recording of the examination is required, but if one is made, it shall be made available to both parties prior to the trial.”
While the language of the statute does require the prosecution’s expert to prepare a written report of the examination, *324 nothing contained therein requires that a stenographic, audio or video recording be made (People v Santana, 80 NY2d 92, 98 [1992]). Indeed, it is clear from the Court of Appeals decision in Santana that “[t]he decision of whether to require a transcript or recording ... is left to the discretion of the Trial Judge” (id. at 99). What is less evident is what constitutes the proper exercise of discretion in granting or denying such a request.[4]
In support of his motion, defendant relies, in large part, upon the decision in Matter of Campbell (177 Misc 2d 59 [1998]).[5] Mr. Campbell was a patient who was involuntarily confined at a psychiatric hospital. In connection with an impending retention hearing, the court appointed a psychiatrist to examine him in advance of the hearing.[6] While there was no objection to the request that patient’s counsel be permitted to attend the exam *325 ination, counsel for the hospital objected to the audiotaping of the examination (id. at 60).
In granting the patient’s request to audiotape the examination, the court stated (177 Misc 2d at 62) that “[i]n the absence of proof by the examining (or other) expert to establish that taping would be intrusive or would otherwise interfere with or undermine the examination of the patient, the patient’s due process rights must prevail.” The court further found (at 62) that the hospital had failed to establish that such recordation constituted “a ‘substantial countervailing disadvantage’ to the advantage to be had in safeguarding the patient’s constitutional right to due process.” Under the facts presented in that case, the court found that “videotaping [would] achieve a balance between the competing needs of the parties to conduct the exam and to preserve an accurate record for the subsequent legal proceeding” (id.).
The court’s decision in Campbell relies in part upon the Second Department’s 1987 holding in Ughetto v Acrish (130 AD2d 12, 25 [1987]). However, in that case, the lower court held that either the attorney should be allowed to attend the prehearing examination or that the interview be preserved by videotape. The Appellate Division, relying on the holding of United States v Wade (388 US 218 [1967]), held that the patient had a right to counsel at the hearing, but that counsel’s role was only that of an observer. The language “substantial countervailing disadvantage” was clearly used in the context of allowing defense counsel to be present, not with respect to the videotaping or audiotaping of the examination (Ughetto, 130 AD2d 25).
In light of the relatively limited amount of New York case law on the recordation issue, the court has decided to consider the decisional law of other jurisdictions for guidance. The general consensus to be found among the various jurisdictions is that *326 there is no federal or state constitutional right to counsel at a psychiatric examination, nor does the Sixth Amendment guarantee to assistance of counsel require a court to compel a psychiatric examination to be recorded (United States v Baird, 414 F2d 700, 711 [2d Cir 1969], cert denied 396 US 1005 [1970]; United States v Byers, 740 F2d 1104, 239 US App DC 1 [1984]; State v Manfredi, 17 Conn App 602, 627, 555 A2d 436, 448 [1989], affd 213 Conn 500, 569 A2d 506 [1990], cert denied 498 US 818 [1990]; Commonwealth v Trapp, 423 Mass 356, 688 NE2d 327 [1996], cert denied 519 US 1045 [1996]; State v Whitlow, 45 NJ 3, 210 A2d 763 [1965]; State v Martin, 950 SW2d 20 [Tenn 1997]).
In two of these jurisdictions the courts have held that it is a sufficient safeguard, for Sixth Amendment purposes, that a defendant “has the opportunity to contest the accuracy of witnesses’ testimony by cross-examining them at trial, and introducing his own witness in rebuttal” (United States v Byers, 740 F2d at 1121; State v Manfredi, 17 Conn App at 627, 555 A2d at 448).[7] It is important to note that in both of these cases defense counsel was prohibited from attending the psychiatric examinations and no recordings of the examinations were made.
In contrast, several jurisdictions have held that, although no constitutional right to counsel exists, it is within the discretion of the trial court to allow defense counsel to either attend the psychiatric examination or to require videotaping (Commonwealth v Trapp, 423 Mass at 359, 668 NE2d at 330; State v Whitlow, 45 NJ at 28, 210 A2d at 776; State v Martin, 950 SW2d at 27). This view is not shared by the Supreme Court of the State of West Virginia which, while acknowledging that some states’ courts have permitted a lawyer to be present, it was the opinion of the court that “counsel’s presence could affect the examination’s accuracy and effectiveness” and, therefore, a tape recording of an entire examination must be made and provided to both counsel (State v Jackson, 171 W Va at 335, 298 SE2d at 872).
In summary, the analysis of relevant case law and statutory authority leads to a finding that New York law provides greater *327 protection to an accused than a majority of jurisdictions by requiring the presence of counsel at the examination. However, none of the law reviewed on this issue persuades this court that, absent unique circumstances that are not present in this case, it must, or should, go further and mandate the recordation or audiotaping of such an examination.
Based on the foregoing, defendant’s motion for an order directing that the psychiatric examination be recorded is denied.

. At the request of the court, defense counsel sent a copy of the motion via facsimile on April 4, 2005. The following day the court received the original motion papers along with a cover letter dated March 30, 2005. The postmark on the envelope containing the papers reflects that they were mailed on March 31, 2005.

. The jurisdictions that have held that there is no right to have counsel present at the examination include: United States v Baird (414 F2d 700, 711 [2d Cir 1969], cert denied 396 US 1005 [1970]); United States v Trapnell (495 F2d 22 [2d Cir 1974], cert denied 419 US 851 [1974]); United States v Byers (740 F2d 1104, 239 US App DC 1 [1984] [plurality op by Scalia, J.]); Godfrey v Francis (613 F Supp 747 [ND Ga 1985], affd sub nom. Godfrey v Kemp, 836 F2d 1557 [11th Cir 1988], reh denied 842 F2d 339 [1988], cert dismissed sub nom. Zant v Godfrey, 487 US 1264 [1988]); United States v Mikos (2004 WL 2091999, 2004 US Dist LEXIS 18649 [ND Ill 2004]); State v Schackart (175 Ariz 494, 858 P2d 639 [1993], cert denied 511 US 1046 [1994]); State v Manfredi (17 Conn App 602, 555 A2d 436 [1989], affd 213 Conn 500, 569 A2d 506 [1990], cert denied 498 US 818 [1990]); People v Larsen (74 Ill 2d 348, 385 NE2d 679 [1979], cert denied 444 US 908 [1979]); Grandison v State (305 Md 685, 506 A2d 580 [1986], cert denied 479 US 873 [1986], reh denied 479 US 1001 [1986]); Commonwealth v Trapp (423 Mass 356, 688 NE2d 327 [1996], cert denied 519 US 1045 [1996]); State v Whitlow (45 NJ 3, 210 A2d 763 [1965]); State v Hardy (283 SC 590, 325 SE2d 320 [1985]); State v Martin (950 SW2d 20 [Tenn 1997]); and State v Jackson (171 W Va 329, 298 SE2d 866 [1982]). In addition to New York, both Alaska and Washington have found such right does exist (see Houston v State, 602 P2d 784 [Alaska 1979]; State v Hutchinson, 111 Wash 2d 872, 766 P2d 447 [1989]).

. The decision in Lee “served as the model for the subsequently enacted provisions of subdivisions three, four and five of [CPL 250.10]” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 250.10, at 110).

. In Santana, defendant had made an application to the court for permission to audiotape the psychiatric examination for the purpose of discussing it with his defense expert. The trial court denied this request on the ground that to allow the audio recording would be like having the expert present at the examination. The Court of Appeals declined to decide whether the trial court had abused its discretion by denying the defendant’s request based upon the existence of an alternative ground for reversal {id. at 98). In the ensuing 13 years since the Court of Appeals decision in Santana, no appellate court has revisited this issue.

. Defendant also cites People v Whitfield (97 Misc 2d 236 [1978]). However, the Whitfield decision does not contain any discussion regarding the authorization for the recording of a psychiatric examination, but merely states that in a previous order of the court both the prosecutor and defense counsel were permitted to attend the psychiatric examination of the defendant, and that the order further provided for the transcription of the examination. The People argued that the presence of counsel and the stenographer at the examination could potentially “alter its integrity,” and suggested that both counsel and the stenographer be placed behind a one-way mirror. The court found the arrangement suggested by the People afforded the defendant’s attorney the opportunity to protect the defendant’s interests as mandated by Lee while at the same time avoiding interference of nonmedical personnel, and provided “an excellent compromise between two conflicting positions.” (97 Misc 2d at 238.)

. Pursuant to Mental Hygiene Law § 9.27, an individual alleged to be mentally ill and in need of involuntary care and treatment may be involuntarily admitted to a hospital upon the certificates of two examining physicians. An individual who has been so admitted may, within 60 days from the date of admission, make a request in writing for a hearing (Mental Hygiene Law § 9.31). In the event no such request is made by the patient or an individual acting on his or her behalf, the director of the facility in which the patient is being treated must, within 60 days from the date of the involuntary admission, apply to the supreme court or county court in the county where the hospital is located for an order authorizing continued retention. Written notice of the application must be served on the patient and mental hygiene legal service, and must state that a hearing may be requested within five days from *325 the date that the notice was given to the patient. (Mental Hygiene Law § 9.33 [a].)
If the director of the hospital in which a patient is retained pursuant to the provisions of article 9 of the Mental Hygiene Law determines that the condition of a patient requires his or her further retention, he must, unless such patient agrees to remain in such hospital as a voluntary patient, apply during the period of retention to the supreme court or county court in which the hospital is located for an order authorizing further continued retention of the patient. The patient or anyone acting on his or her behalf may request that the patient be brought personally before the court (Mental Hygiene Law § 9.33 [d]).

. At the opposite end of the spectrum is the holding of the Supreme Court of Alaska in Houston v State (602 P2d 784, 796 [Alaska 1979]), in which the court held that, not only does the right to assistance of counsel require the presence of defense counsel at a court-ordered psychiatric examination conducted by the government’s expert, but that such examinations should be “tape recorded in their entirety.”