*680 OPINION OF THE COURT
Dineen A. Rivtezzo, J.
Issues Presented
In this proceeding brought pursuant to Mental Hygiene Law article 10 (Mental Hygiene Law § 10.01 et seq.), the petitioner moves (1) to permit petitioner’s counsel to attend any psychiatric examination of the respondent (i.e., to attend an examination requested by either petitioner or respondent), and (2) to permit petitioner to videotape any psychiatric examination of the respondent (i.e., to videotape an examination requested by either petitioner or respondent). As respondent has now stated that he does not request a psychiatric examination by an expert of his choosing, the issues remaining are whether the petitioner’s counsel may attend the psychiatric examination which petitioner has requested, and in addition, whether petitioner may produce a videotape of the examination. These appear to be issues of first impression under article 10.[1]
Facts and Arguments Presented
Petitioner’s motion originally sought “an order granting Petitioner’s request to attend and videotape the psychiatric examination of Respondent by an expert of his own choosing, pursuant to Mental Hygiene Law § 10.06 (e).” When the respondent advised the court that he would not seek a psychiatric examination, and the petitioner advised the court that the State would indeed seek an examination by an expert of its choice, the court sought clarification as to whether the petitioner was seeking to be present and to videotape the petitioner’s examination. On the consent of the parties, the petitioner submitted a letter request that its motion be so construed, and the respondent has similarly advised the court that its objections to petitioner’s presence at the examination and/or videotaping of respondent’s requested examination, and the arguments raised in respondent’s answering papers, apply equally to the examination requested by the petitioner. The court therefore construes the papers accordingly.
Petitioner argues that the presence of its counsel at the examination would be that of an observer, and thus would not be disruptive. Noting that a report must be generated and provided *681 to both parties and the court, the petitioner maintains that the examination is clearly not confidential, and the expert’s findings not proprietary to the party requesting the examination. Conceding that respondent has a due process “interest” in having respondent’s counsel present at the examination,[2] the State maintains that it has an equally compelling interest in observing the examination in preparation for trial. A fair balancing of the rights of the parties, petitioner argues, requires that its counsel be permitted to attend the examination. In addition, petitioner contends that videotaping the examination is similarly nonintrusive, and would serve to “preserve” the interview.
Respondent argues that petitioner has neither the right to attend nor videotape the interview, as either of these processes would constitute discovery beyond the parameters of article 10, as well as violate respondent’s due process rights. Respondent argues that the Legislature, by providing that a written report of the interview be prepared and disclosed, rejected any other form or disclosure or recordation,[3] and that the presence of the petitioner’s counsel or videotaping violates the statutory scheme. Secondly, respondent argues that while the individual respondent has a due process right to the presence of counsel at a postpetition psychiatric examination, this right does not extend to the State — indeed, respondent argues that the State is attempting to “usurp” the individual’s due process rights. Lastly, respondent argues that the written report is more than sufficient to allow the petitioner to prepare for trial, and that the presence of additional persons or videotaping would have an adverse and intrusive effect on the interview process.
Discussion
Postpetition psychiatric examinations under Mental Hygiene Law article 10 are governed by Mental Hygiene Law § 10.06 (d) and (e). Those subdivisions provide as follows:
“(d) At any time after receiving notice pursuant to subdivision (b) of section 10.05 of this article, and prior to trial, the attorney general may request the court in which the sex offender civil management petition could be filed, or is pending, to order the *682 respondent to submit to an evaluation by a psychiatric examiner. Upon such a request, the court shall order that the respondent submit to an evaluation by a psychiatric examiner chosen by the attorney general and, if the respondent is not represented by counsel, the court shall appoint counsel for the respondent. Following the evaluation, such psychiatric examiner shall report his or her findings in writing to the attorney general, to counsel for the respondent, and to the court.
“(e) At any time after the filing of a sex offender civil management petition, and prior to trial, the respondent may request the court in which the petition is pending to order that he or she be evaluated by a psychiatric examiner. Upon such a request, the court shall order an evaluation by a psychiatric examiner. If the respondent is financially unable to obtain an examiner, the court shall appoint an examiner of the respondent’s choice to be paid within the limits prescribed by law. Following the evaluation, such psychiatric examiner shall report his or her findings in writing to the respondent or counsel for the respondent, to the attorney general, and to the court.” (Mental Hygiene Law § 10.06 [d], [e].)
The statute thus affords either party the right to obtain a post-petition psychiatric examination by an expert selected by that party. (See Matter of State of New York v C.B., 18 Misc 3d 1136[A], 2008 NY Slip Op 50329[U] [Sup Ct, Bronx County 2008, Dawson, J.] [petitioner may seek postpetition psychiatric examination despite fact that prepetition interview was conducted].) In addition, the written findings of the expert, whether it be an expert selected by petitioner or respondent, must be provided to all parties and the court. The statute is silent, however, as to whether counsel or representatives of either party may attend the examination, or as to whether the examination may be videotaped or otherwise recorded.
The parties in their argument have touched upon the case law concerning respondent’s right to counsel, as it impacts the present motion. In Ughetto v Acrish (130 AD2d 12 [2d Dept 1987]), involuntarily committed patients, who were being held pursuant to a judicial retention order, refused to remain as voluntary patients. The prepetition interviews were being conducted by the hospital in connection with petitions for continued involuntary confinement of the patients under Mental Hygiene Law article 9. In this context, the Appellate Division recognized *683 a right to counsel at prehearing psychiatric interviews. The court stated (at 24):
“[W]e find that in providing a right to counsel to patients, the Legislature intended that in the absence of any showing that counsel’s presence would interfere with the psychiatric examination, counsel should be permitted to observe either directly or indirectly these prehearing psychiatric examinations held following the commencement of proceedings to obtain a judicial retention order.”
The Ughetto court (at 24) went on to state that “[w]ere we not to find, however, that a statutory basis exists for allowing the presence of counsel at preretention hearings, we would be prepared, nonetheless, to conclude, as did Special Term, that it is required by due process.”[4]
It is not disputed at the present time that the respondent has a right to counsel which attaches at the pretrial interview. Mental Hygiene Law § 10.06 (c) states unequivocally that respondent is entitled to counsel at the time of the filing of the petition, or at the time the attorney general seeks an order to require respondent to submit to a psychiatric examination. Consequently, as in Ughetto, a clear statutory right to counsel exists, and would appear to require that respondent’s counsel be permitted to be present at any interview of the respondent.[5]
The present concern is whether the right to be present at the psychiatric interview extends to the State. Clearly, such a right cannot be predicated on the respondent’s own right to counsel— this would indeed be a “usurpation” of the respondent’s rights. Nevertheless, can such a right be predicated on notions of statutory interpretation, taking into account policy reasons of fairness which should extend not just to the respondent, but to the State as well?
*684 Various courts have considered the issues as to whether the petitioner may attend and/or videotape the examination requested by the respondent under Mental Hygiene Law article 10. The courts are sharply divided on these issues. Certain courts have held that as the statute is silent on these issues, there is no authority for the court to permit the attendance of counsel or recording of the examination. (See State of New York v Shawn A., Cayuga County, Oct. 25, 2007, index No. 07-0889; State of New York v GA, Allegany County, Dec. 13, 2007, Euken, J. , index No. 3442; State of New York v JA., Erie County, Jan. 2, 2008, Michalski, J., index No. 543665/2007; State of New York v K. C., Sup Ct, Dutchess County, Mar. 20, 2008, Dolan, J., index No. 6159/2007.) One court has allowed petitioner to videotape respondent’s examination without opposition, and, in view of the availability of the videotape, denied petitioner’s counsel’s request to attend as unnecessary. (State of New York v Hall, 17 Misc 3d 1124[A], 2007 NY Slip Op 52139[U] [Sup Ct, Dutchess County 2007, Pagones, J.].) Similarly, Justice Emily Pines has denied petitioner’s counsel’s request to be present at a psychiatric examination requested by the respondent, accepting respondent’s argument in that case that the presence of the assistant attorney general would have “a chilling effect on respondent’s ability and willingness to respond spontaneously to the questions of the psychiatric examiner.” (State of New York v Pedraza, Sup Ct, Suffolk County, Jan. 28, 2008, Pines, J., index No. 24026/2007.) The court nevertheless permitted videotaping as a less intrusive method of protecting the State’s interest in having a full opportunity to view the conduct of the examination. Yet other courts have allowed both the presence of the assistant attorney general and videotaping. (See State of New York v Craig B., Westchester County, Bellantoni, J., index No. 11743/2007; State of New York v Michael D., Oct. 25, 2007, Vanstrydonck, J., index No. SOMTA C 3159 [permitting videotaping, but requiring that petitioner’s counsel view the examination from outside of the room through a one-way mirror].)
The presence of counsel at psychiatric examinations as observers is not a novel concept under the laws of the State of New York, and in arguing for the right of the State to be present, the petitioner cites Matter of Lee v County Ct. of Erie County (27 NY2d 432 [1971], cert denied 404 US 823 [1971]), which concerns pretrial mental examinations in criminal cases in which a psychiatric defense is advanced. When a defendant in a *685 criminal action advances a psychiatric defense, the district attorney may apply to the court, upon notice to the defendant, for an order directing that the defendant submit to an examination by a psychiatrist or licensed psychologist. Defense counsel’s representation of defendant at pretrial psychiatric examination is limited to that of observer. (CPL 250.10 [3]; but see People v Chung, 8 Misc 3d 321 [Sup Ct, Westchester County 2005, Adler, J.] [defendant has no right to videotape examination].) In Lee, the Court of Appeals observed that “[i]nasmuch as defense counsel is given the right to be present, it is only fair to allow the District Attorney the same right.” (27 NY2d at 444.)
Lee has been distinguished from the present case on the ground that, under CPL 250.10 (3), both defendant’s counsel and the district attorney have an explicit statutory right to be present, as observers, during the examination.[6] It is important to observe, however, that the present CPL statutory framework was based upon the decision in Matter of Lee v County Ct. of Erie County (27 NY2d 432 [1971]) — prior to Lee, there was no explicit statutory right for either counsel to be present.[7]
This court is persuaded that the same issues of fundamental fairness identified by the Lee court apply in the present context, especially when, as here, the examination in question is requested by the petitioner. The court’s reasoning is not altered by the obvious fact that Lee involves a criminal case, since the underlying principles enumerated in Lee — a full and fair opportunity for both sides to prepare for trial — apply equally in the civil case now before the court.
*686 In addition, as the examination here is at the request of the petitioner, petitioner should be permitted to videotape the proceedings. While the respondent argues that videotaping would have an “adverse and intrusive effect on the interview process,” the fact remains that the examination is being held at the petitioner’s request, and presumably the expert selected by the petitioner has no objection to the videotaping procedure. There is, in fact, no expert evidence that the “search for truth” is derailed by permitting either the presence of counsel or videotaping. The court reserves decision as to whether the petitioner should enjoy a similar right to be present or to videotape an examination requested by the respondent. As noted, that issue is not presented on the motion now before the court, and the issue need not be determined in the abstract. There is at least facially some logic in allowing the party requesting the examination to exercise some control over the examination, and certainly the respondent’s chosen expert should have an opportunity to address the issue as to whether videotaping the interview will have a “chilling effect,” and if so, to what degree.
For the foregoing reasons, the motion is granted.
[Portions of opinion omitted for purposes of publication.]

. As is discussed below, courts have previously issued written opinions, and reached varying conclusions, as to whether the petitioner may attend and/or videotape a psychiatric examination requested by the respondent.

. With respect to respondent’s right to counsel at the examination, petitioner cites Ughetto v Acrish (130 AD2d 12 [2d Dept 1987]). This case is discussed in greater detail infra.

. Respondent does not cite any legislative history or debate on this point.

. The Ughetto court stated (at 24),
“Applying these standards to the case under review, we find that the plaintiffs have advanced a cogent argument as to how the fundamental fairness of their retention hearings is undermined by the refusal of the defendants to allow counsel to observe prehearing examinations. Permitting counsel to observe at such examinations would serve to assist the plaintiffs’ attorneys in preparation for retention hearings and, thus, enhance the reliability of such hearings as to the truth-finding functions.”

. See also Matter of Lee v County Ct. of Erie County, 27 NY2d 432 (1971) (holding that a defendant in a criminal action who interposes an insanity defense has a right to counsel at pretrial psychiatric examination).

. CPL 250.10 (3) provides, as is here relevant, “defendant has a right to have his counsel present at such examination. The district attorney may also be present. The role of each counsel at such examination is that of an observer, and neither counsel shall be permitted to take an active role at the examination.”

. Section 658 of the former Code of Criminal Procedure provided:
“If at any time before final judgment it shall appear to the court having jurisdiction of the person of a defendant indicted for a felony or a misdemeanor that there is reasonable ground for believing that such defendant is in such state of idiocy, imbecility or insanity that he is incapable of understanding the charge, indictment or proceedings or of making his defense, or if the defendant makes a plea of insanity to the indictment, instead of proceeding with the trial, the court, upon its own motion, or that of the district attorney or the defendant, may in its discretion order such defendant to be examined to determine the question of his sanity” (repealed by L 1970, ch 996; see People u Berk, 88 NY2d 257 [1996], cert denied 519 US 859 [1996]).