Salinger, Kenneth W., J.
The Governo Law Firm, LLC is suing six of its former partners and their new firm, which they call CMBG3 Law, LLC. The Governo Firm is controlled by attorney David Governo. It specializes in defending clients against asbestos and toxic tort claims. During the summer and fall of 2016 David Governo and the seven other partners of the Governo Firm discussed and negotiated the possible sale by Governo of his interest in the firm to the other partners. When those negotiations were unsuccessful, six of the eight partners announced that they planned to leave to start their own firm. Governo then locked them out of the firm on November 20, 2016.
The Governo Firm claims that the six individual defendants stole proprietary databases, electronic files or data, and computers that belong to the Gov-emo Firm. Plaintiff seeks a preliminary injunction that would require Defendants to: return all electronic databases and files they allegedly took from the Gov-emo Firm, except for any files that pertain to client matters for which CMBG3 has been retained to represent the client; return all laptop computers and iPads that belong to the Governo Firm; allow Plaintiff to permanently delete all of its data from Defendants’ cell phones; and require Defendants to certify compliance and also to disclose any Governo Firm property in their possession.
The Court concludes that it must DENY the preliminary injunction request because the Governo Firm has not met its burden of proving that it will suffer irreparable harm without the requested injunction.
1. Legal Standards
“A preliminary injunction is an extraordinary remedy never awarded as of right.” Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To the contrary, “the significant remedy of a preliminary injunction should not be granted unless the plaintiffs had made a clear showing of entitlement thereto.” Student No. 9 v. Board of Educ., 440 Mass. 752, 762 (2004). ‘Trial judges have broad discretion to grant or deny injunctive relief.” Lightlab Imaging, Inc. v. Axsun Technologies, Inc., 469 Mass. 181, 194 (2014).
A plaintiff is not entitled to preliminary injunctive relief if it cannot prove that it is likely to succeed on the merits of its claim. See, e.g., Fordyce v. Town of Hanover, 457 Mass. 248, 265 (2010) (vacating preliminary injunction on this ground); Wilson v. Commissioner of Transitional Assistance, 441 Mass. 846, 858-59 (2004) (same). “(T]he burden of showing a likelihood of success on the merits is on the parfy seeking the preliminary injunction.” Berrios v. Dept of Pub. Welfare, 411 Mass. 587, 598 (1992), quoting Robinson v. Secretary of Admin., 12 Mass.App.Ct. 441, 451 (1981).
Nor may a plaintiff obtain a preliminary injunction without proving that it will suffer irreparable harm in the absence of such an order, and that such harm to the plaintiff from not granting the preliminary injunction would outweigh any irreparable harm that defendants are likely to suffer if the injunction issues. See, e.g., American Grain Products Processing Institute v. Department of Pub. Health, 392 Mass. 309, 326-29 (1984) (vacating preliminary injunction on this ground); Nolan v. Police Comm’r of Boston, 383 Mass. 625, 630 (1981) (same). Once again, the moving parfy has the “burden of showing it would suffer an irreparable harm absent an injunction.” GTE Products Corp. v. Stewart, 414 Mass. 721, 726 (1993).
2. Databases and Electronic Files
Plaintiff accuses the individual Defendants of stealing six different databases (which it calls the “FileM-aker Databases” after the name of the software on which they run), an additional electronic compilation of source materials (which it calls the “GLF Collections,” with the acronym GLF referring to the Governo Law Firm), and electronic versions of portions of its client matter files (which it calls the “Electronic Litigation Files”). The Governo Firm says that it created and uses the following FileMaker databases in its business: (1) a Client Management Database that contains client contact and billing information, historical information about the client, and lists the matters in which each client has been sued; (2) an Asbestos File Management Database that contains information taken *110 from the client’s matter flies about each asbestos lawsuit in which the client has been sued, such as the caption of the suit, where the suit is pending, personal information about the plaintiff and contact information for the plaintiffs counsel; (3) a State of the Art Database that contains scientific and medical articles about diseases alleged to have been caused by exposure to asbestos; (4) a Talc Database containing similar publications about diseases linked to talc exposure; (5) a Bankruptcy Trust Database containing information gleaned from bankruptcy files that can be used to identify potential third-party defendants; and (6) a Mail Log Database that is used to record when the Governo Firm sends or receives correspondence about a client matter, but does not contain copies of the actual correspondence. In addition, the Governo Firm says that it has compiled and maintained electronic copies of materials (the so-called “GLF Collections”) that are useful in defending against asbestos lawsuits, including scientific and medical articles, CVs and deposition transcripts of expert witnesses, deposition transcripts of fact witnesses, legal research, Daubert-type motions, and court rulings. Finally, Plaintiff says that it also keeps electronic client matter files that are separate from the FileMaker Databases and the GLF Collections. These “Electronic Litigation Files” contain confidential attorney-client communications and attorney work product. The other databases and electronic files at issue do not.
The Governo Firm did not submit any admissible evidence to support its accusation that the individual Defendants stole copies of these electronic materials. In the Verified Complaint, David Governo asserts “on information and belief’ that defendant Bryna Rosen Misiura copied the FileMaker Databases, the GLF Collections, and electronic client files from a Governo Firm computer a few weeks before she left the firm. Assertions “ ‘made on information and belief as opposed to personal knowledge,’... constitute inadmissible hearsay.” Billings v. GTFM, LLC, 449 Mass. 281, 295 (2007), (quoting Shapiro Equip. Corp. v. Morris & Son Constr. Corp., 369 Mass. 968, 968 (1976). As a general matter, when deciding a motion for a preliminary injunction a judge is free to consider evidence that would be inadmissible at trial, though “[t]he possible inadmissibility of evidence can be taken into account by the judge in according proper weight to the evidence.” Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 711 n.9 (1990). But assertions in an affidavit or verified complaint made on “information and belief’ that are not supported by any other evidence do “not supply an adequate factual basis for the granting of a preliminary injunction.” Eaton v. Federal Nat’l Mortgage Ass’n, 462 Mass. 569, 590 (2012); accord Alexander & Alexander, Inc. v. Danahy, 21 Mass.App.Ct. 488, 494 (1986). Although Plaintiff has shown that Attorney Misiura directed an IT support consultant to place a backup copy of the various FileMaker databases on her office .computer in late October 2016, when the consultant was installing an updated version of the FileMaker software on the firm’s servers, it has not shown that these files were then copied from Misiura’s office computer to a thumb drive or other electronic storage medium. Plaintiff had ample time to develop forensic evidence that electronic files were copied to one or more devices, since Plaintiff did not file its verified complaint and preliminary injunction papers until five weeks after the individual defendants had left and began practicing on their own. But it did not do so.
Nonetheless, Defendants admit at least part of these allegations. A letter from their lawyer to counsel for the Governo Firm dated December 2, 2016, states “that electronic files were downloaded in anticipation of a possible departure.” And defendant Jeniffer A.P. Carson states in an affidavit that before the individual defendants left the Governo Firm they downloaded and copied “client database materials,” but that after they left they “were not able to access any database other than the case management database.” The Court understands this to be an admission that Defendants have a copy of and are using what the Governo Firm refers to as its “Asbestos File Management Database,” because Carson distinguishes that database from the “Client Management Database. ” It cannot tell from this evidence whether the individual Defendants also copied other electronic files and, if so, whether they took those files with them when the left to start their own competing firm. Given the lack of evidentiary support for Plaintiffs’ assertion that Defendants took additional electronic materials, Defendants have no obligation at this stage to prove that they did not do so. Instead, as noted above, the burden is on the Governo Firm to prove that it is likely to succeed on the merits of its claims.
In sum, for purposes of evaluating Plaintiffs request for a preliminary injunction the Court finds that Defendants took a copy of the Asbestos File Management Database with them, but that the Governo Firm has not yet proved that Defendants took without permission copies of any of the other databases or electronic files that are described in the Verified Complaint.
The two sides spar over whether the Governo Firm has an ethical obligation to share the Asbestos File Management Database with clients that are now represented by CMBG3, because they recognize that if Plaintiff has such a duty then it could not suffer any irreparable harm from Defendants retaining that database in their capacity as current counsel to those clients. The parties have presented conflicting evidence as to whether the Governo Firm charged clients to develop and maintain this database, whether the database was ever considered to be part of each asbestos client’s case files, and whether the database belongs to the Governo Firm or to the clients whose case information is stored in and accessed through *111 this database. On the current record the Court cannot tell which side’s evidence on these points is more credible and whether believing one side’s version over the other would resolve the question of whether the Governo Firm is obligated to provide a working copy of the Asbestos File Management Database to its former asbestos clients.
Under Massachusetts law, the Governo Firm has an ethical obligation to provide any current or former clients with their full case files. Mass. R. Prof. Conduct 1.16(e). Assuming that the Governo Firm never entered into any contingent fee agreement with its former asbestos clients, its duty to turn over client files includes a duty to provide any attorney work product “for which the client has paid” as well as any other work product if withholding it on grounds of nonpayment “would prejudice the client unfairly.” Rule 1.16(4) & (7).
More generally, once a client decides to terminate the Governo Firm and have some other lawyers take over ongoing matters, the Governo Firm must “take steps to the extent reasonably practicable to protect a client’s interests, such as ... surrendering papers and property to which the client is entitled!.]” Since the provisions of Rule 1.16(d) quoted above were taken from the American Bar Association’s Model Rules of Professional Conduct, the ABA’s interpretation of that provision is relevant. The ABA recently noted that since this model rule was drafted “many lawyers have moved or are moving to a paperless practice in which few documents are available in tangible form,” and has construed the reference to “paper” in this rule to refer to all documents or information, whether in “tangible or electronic form.”[2] This makes good sense and is a reasonable way to interpret the cognate Massachusetts rule. In addition, the ABA has concluded that “when the representation is terminated before the matter is concluded, protection of the client’s interest may require the lawyer to provide the client with paper or property generated by the lawyer for the lawyer’s own purpose,” in addition to the “client file” materials enumerated in Mass. R. Prof. Conduct 1.16(e), if the client’s interests would likely be harmed should those materials not be provided.[3] Thus, “when a lawyer has been representing a client on a matter that is not completed and the representation is terminated, the former client may be entitled to the release of some materials the lawyer generated for internal law office use primarily for the lawyer’s own purpose in working on a client’s matter.”[4]
The Court need not decide whether the Governo Firm has an ethical obligation to provide former asbestos clients with a working copy of its Asbestos File Management Database in order to resolve the pending motion for a preliminary injunction, however.
Assuming that the Governo Firm has no ethical obligation to share the Asbestos File Management Database with its former clients, Plaintiff still has not met its burden of proving it will suffer irreparable harm if Defendants retain and use a copy of this database. According to the verified complaint, this particular database contains only publicly-available information copied from documents filed with various courts in lawsuits against the firm’s clients. There is no evidence that this database contains trade secrets, confidential attorney-client communications, any other client confidences, or any confidential information of any kind. As a result it is hard to imagine, and Plaintiff has not proved, what irreparable harm could flow from Defendants’ retention of this database. Defendants concede that this database contains case information regarding claims against all of the Gov-erno Firm’s current or former asbestos clients, including those that continue to be represented by the Governo Firm and have not asked to be represented by CMBG3. But since the verified complaint indicates that the information in this database about claims against current Governo Firm clients is all publicly available, Plaintiff has not shown that it or its current clients will suffer any irreparable harm if Defendants retain a copy of this database while the claims in this lawsuit are being resolved.
Plaintiff argues that the loss of customer relationships or other damage to a law firm’s goodwill can constitute irreparable harm. But Plaintiff has not shown that it has lost any clients or is likely to suffer any other injury to its goodwill because Defendants took and are using a copy of the Asbestos File Management Database. Instead, the record shows that Plaintiff lost asbestos clients that wish to continue to be represented by lawyers who used to practice at the Governo Firm and have now moved to CMBG3.
Since the Governo Firm has not proved that it will suffer irreparable harm if the Asbestos File Management Database is not immediately returned, it is not entitled to an order compelling its return. See GTE Products, 414 Mass. at 724-25 (affirming denial of preliminary injunction ordering former in-house counsel to return documents he took from his former employer, where employer failed to prove it would suffer irreparable harm if documents were not immediately returned).
The Governo Firm’s stated concern about protecting client confidences does not appear to have anything to do with the Asbestos File Management Database. According to the Verified Complaint, any privileged communications with or confidential information obtained from clients are kept in client-specific paper and electronic files, and are not part of the one database that Defendants admitted to taking. Since Plaintiff has not shown that Defendants made off with any confidential information belonging to clients they do not represent, it is neither necessary nor appropriate to order Defendants to return and not to disclose such materials. Contrast GTE Products, 414 Mass. at 722, 724-25.
*112 3. Computers and Cell Phones
Plaintiff seeks an order compelling Defendants to return any laptops or iPads purchased by the Governo Firm. Defendants protest. They argue and present evidence that “the Governo Firm gave these devices to the Partners as gifts each time an attorney was elevated to partner” and therefore claim that this hardware no longer belongs to the Plaintiff.
In addition, Plaintiff seeks an order compelling Defendants to bring in any smartphones purchased by the Governo Firm and allow it to delete any of its data from those devices. Plaintiff concedes that under its policy the smartphones for which it paid belong to the attorney to whom the device was issued, but contends that its policy also establishes that all data on those devices belongs to the Governo Firm.
The Court finds and concludes that the Governo Firm has failed to prove that it will suffer any irreparable harm if Defendants do not immediately return the contested laptops and iPads or allow Plaintiff to wipe data from certain cell phones. David Governo asserts (in ¶82 of the verified complaint) that Defendants’ computers and cell phones “are highly likely to contain confidential information.” The Court declines to give that unsupported assertion any weight because it “is merely” Mr. Governo’s “own opinion based on conjecture from undisputed subsidiary facts” that do not fairly support such an inference. Cf. Gladstone v. Treasurer & Receiver Gen., 337 Mass. 48, 51 (1958). Plaintiff has failed to present any other evidence that retention of the contested devices and any data on the contested cell phones is likely to cause either the Governo Firm or its clients any irreparable harm.
ORDER
Plaintiffs motion for a preliminary injunction is DENIED. A Mass.R.Civ.P. 16 scheduling conference shall take place on February 14, 2017, at 2:00 p.m.

 See ABA Standing Comm, on Ethics & Profl Resp., Formal Op. 471, at 5 n.28 (2015) (available at http://www.americanbar.org/ content/dam/aba/administ rative/professional_responsibility/aba_formal_opinion_471 .authcheckdam.pdf) (last viewed January 10, 2017).

 Formal Op. 417 at 5.

 id.at 6.